CHARLES MINTURN *v.* THOMAS F. BAYLIS, JOSEPH CUTTER, DAVID SULLIVAN, AND HUGH S. MAY.

SPECIFIC PERFORMANCE OF AN INDEFINITE CONTRACT.—A Court will not attempt to enforce the specific performance of a contract in writing relating to lands, where the terms of the instrument are so vague and indefinite that it is impossible to ascertain what the contract really is.

REVERSAL OF JUDGMENT.—If only one of two defendants appeal, the judgment may be reversed as to him, and allowed to stand as to the defendant not appealing.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The defendants, except Hugh S. May, appealed.
The other facts are stated in the opinion of the Court.

17

*Campbell, Fox & Campbell,* for Appellants.

This contract is too indefinite and uncertain; possesses none of the essential elements of a contract; is wanting in mutuality, and the specific performance thereof cannot therefore be enforced by a Court of equity. We do not dispute the general proposition that Courts of equity have the power to construe contracts where they are ambiguous, or where words of two or more different meanings have been used; the Court may determine what meaning shall be given to them in the particular case under consideration, and for that purpose will be governed to a considerable extent by what the parties understood and intended at the time of making the contract. But if there is *no* contract, even if the Court shall be satisfied that the parties intended to have made one, it has no power to make one for them. (1 Parsons on Con. 353; Ib. 373; Story's Eq. Jur. 767; *Dalzell* v. *Crawford*, 1 Pars. Select Eq. Cases, 37; *Parrish* v. *Koons*, Ib. 94, 95.)

The plaintiff has an ample remedy at law, and specific performance should not therefore be decreed. If anything can be assumed from this paper, it is that the value of the property in consideration is seven hundred and fifty dollars. There had been no part performance of the alleged agreement, no possession given, no payment made, nothing done to give the plaintiff any equities, except such as might grow out of the naked fact of having made that paper. There is no averment in the complaint, nor any proof upon the trial, that there was anything peculiar about the property giving it any value for any purpose beyond its market price; and no averment of insolvency or inability of vendor to respond in damages, nor of inadequacy of relief at law. The ground upon which this kind of relief is usually granted is, that in the particular case damages at law may not afford adequate relief. (Story's Eq. Jur., Sec. 719 and note; Ib. 742, 749; *Cudd* v. *Rutter*, 1 P. Will. 570; *Nutbrown* v. *Thornton*, 10 Ves. 159; *White* v. *Fratt*, 13 Cal. 523; *Duff* v. *Fisher*, 15 Cal. 381.)

*Sharp & Lloyd*, for Respondent.

The contract embraces all the essential elements of a valid contract—parties, consent, consideration, and subject matter. Between what parties is this agreement or contract made and entered into ? Between Hugh S. May, party of the first part, and Charles Minturn, party of the second part. What do these words—" This agreement, made and entered into," etc.—mean ? Do they not mean the meeting and agreement of the minds of the parties by whom they are used, upon the stipulations that immediately follow in relation to the subject matter specifically mentioned and described ? What are these stipulations ? . 1st. That in consideration of seven hundred and fifty dollars, etc., payable in notes of three hundred and seventy-five dollars each, etc., to be executed and delivered on May's executing and delivering a deed, etc. Now, by whom are these notes to be made, and to whom delivered ? There are but two parties to the agreement—May and Minturn. Clearly, the notes are not to be executed by May, for it is evident it is to him they are to be delivered upon his executing the deed. If not by May, then they must be made and delivered by Minturn, the other party to the agreement. To attribute any other sense to the language used, would lead to the absurd conclusion that the notes are to be made by some person not a party to the agreement or in any manner bound thereby. (*Richards* v. *Edick*, 17 Barb. 263; *Barton* v. *McLean*, 5 Hill, 258 ; *Pordage* v. *Cole*, 1 Saund. 319 *h* ; *Pugh* v. *Chesseldine*, 11 Ohio, 109 ; *Bird* v. *Richardson*, 8 Pick. 252 ; *Atwood* v. *Cobb*, 16 Pick. 227.)

By the Court, SAWYER, J. :

The plaintiff and defendant Hugh S. May executed an instrument in writing in the following terms :

" This agreement made and entered into this 23d day of July, 1866, between Hugh S. May of the County of Sonoma,

State of California, party of the first part, and Charles Minturn, of the City of San Francisco and State of California, party of the second part, witnesseth : That for and in consideration of the sum of $750, gold coin of the United States of America, payable in notes of $375 each, said notes to be drawn payable in three or four months after date, said notes all to be executed and delivered on Hugh S. May making, executing and delivering a good and sufficient deed of conveyance for all the water front property on what is known as the old Italian Garden property, including all the land lying between the present traveled country road and Petaluma Creek, including the present wharf and wharf franchise, together with all improvements thereon situated. Said land hereby intended to be conveyed is all of the frontage lying on Petaluma Creek and in front of the property now being occupied by said May. Said above mentioned notes are to commence running from the date on which they are given, and not from that of this agreement.

" It is hereby understood and agreed that all the old rubbish and lumber not wanted and used by the party of the second part in removing said wharf and lumber, the party of the first part is to have to his own use and benefit. And it is hereby further understood and agreed that the written consent of James Jacques, or, in other words, that a certain mortgage which he now holds on said property is fully satisfied and discharged before said notes are given.

" In witness whereof we have hereunto set our hands and affixed our seals the day and year first above written.

" HUGH S. MAY.          [L. S.]
" CHARLES MINTURN.          [L. S.]

" Witness—A. P. OVERTON."

The plaintiff in his complaint sets out the contract, avers that it is an agreement on the part of May to convey the real estate therein described, that the other defendants are subsequent purchasers with notice, and that the plaintiff has offered to perform his part and demanded a conveyance, which

defendants refuse to make. He prays a judgment that defendant be required to specifically perform by making a conveyance, and judgment for specific performance was entered by the District Court, from which defendants appeal.

It is objected that the instrument set out contains no such agreement as is averred, and as the judgment requires defendants to perform. This objection appears to us to be absolutely insurmountable. It is quite probable that the parties intended to make such an agreement, but it is very clear that they have not expressed it in this instrument. They start out with a proper introductory clause stating the consideration and describing it at great length, but neglect to state any promise or covenant to do anything for the consideration stated, or who is to do it, or who is to execute the notes. There is certainly no agreement expressed on the part of defendant to convey the property to plaintiff, or, on the part of the plaintiff, to execute the notes mentioned to defendant, nor is any agreement of the kind necessarily implied from the language used. We can only conjecture that such might have been intended. The contract in fact fails to state the agreement between the parties, and is too vague and indefinite to justify a Court in attempting to make an agreement out of it, and specifically enforce it. (*Morrison* v. *Rossignol*, 5 Cal. 65; *Parrish* v. *Koons*, 1 Parson's Select Eq. Cases, 79; 2 Sto. Eq. Jur. 767; *Kendall* v. *Almy*, 2 Sum. 295; *Lindsay* v. *Lynch*, 2 Scho. & Lef. 7; *Harnett* v. *Yielding*, Ib. 557–8; *Colson* v. *Thompson*, 2 Wheat. 341.) In all the cases cited by respondent's counsel there was something expressly agreed to be done by one side or the other. The substance of an agreement was expressed in the instrument. There was no case in which the instrument was so utterly devoid of an express obligation on either side as this.

The plaintiff's right to the relief demanded rests on this written instrument. As that fails to disclose a contract which entitles him to the relief, the judgment must be reversed and the action dismissed. And it is so ordered.

By the Court, SAWYER, J., on petition for a modification of the judgment:

In rendering judgment on this appeal we overlooked the fact that defendants, Baylis, Cutter and Sullivan, only appeal, and from the judgment against themselves. That portion of the judgment affecting appellants may be reversed as to them without affecting the judgment as to defendant May, who is not a party to this appeal. The judgment of reversal is therefore too broad in its terms, and respondent, Minturn, asks that it may be so modified as to affect the appellants only, and allow the judgment to stand as to the defendant, May. We think he is entitled to the modification. Ordered that the judgment heretofore entered in this case be, and the same is, hereby vacated, and that judgment be entered reversing the judgment of the District Court as to the appellants, Baylis, Cutter and Sullivan, and that said judgment, as to defendant May, stand as the judgment of the Court, and that appellants recover their costs.

Petition for rehearing as to the other point denied.