[No. 6,674.—In Bank.]

## MARY S. LAKE v. HANNAH B. TEBBITTS ET AL.

VENDOR'S LIEN—CONSTRUCTION OF DEED.—The complaint alleged, that the plaintiff sold and conveyed to defendant T. certain land for the sum of one dollar, and for the further consideration of the payment of two certain mortgages; that T. afterwards executed a deed of trust to the other defendants for a portion of the land; and that T. failed to pay one of the mortgages, and that an action had been brought, and is now pending for its foreclosure. The Court below gave judgment in favor of the plaintiff for the amount of the unpaid mortgage, and for the sale of the mortgaged premises in case the same was not paid. Held, on appeal, that the complaint did not state facts sufficient to warrant the decree.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the First District Court, County of Santa Barbara. SEPULVEDA, J.

Cowles & Drown, for Appellants.

Admitting, for the sake of the argument, that the acceptance of the deed gave rise to an implied covenant on the part of the grantee to pay the mortgage referred to, still the covenant was merely personal, and the breach of it would give only a personal action against the defendant Tebbitts for damages; and the measure of damages would be what respondent would actually spend in satisfaction of the mortgages. (Civ. Code, §§ 1460–1464; 1 Jones on Mortgages, §§ 749, 751, 752, 768; Johnson v. Zink, 51 N. Y. 336.) Even if the grantee in the deed did assume the mortgages, no vendor's lien could be given to the respondent. There was no covenant to pay to the respondent another dollar; there was no money coming to her

from her vendee which needed the protection of a lien to secure
its payment. (*Patterson* v. *Edwards*, 29 Miss. 71; Civ. Code,
§ 3046; 1 Perry on Trusts, §§ 232, 234, 235, 238; *Linthicum*
v. *Tupscott*, 28 Ark. 269, 270; 1 Herman on Mort. 224; 1 Jones
on Mort. §§ 194, 218; *Baum* v. *Grigsby*, 21 Cal. 176; *Wil-
liams* v. *Young*, id. 228; *Sparks* v. *Hess*, 15 id. 192; *Porter* v.
*Brooks*, 35 id. 202, 208; Story's Eq. Jur. §§ 1217, 1219; 1
Hilliard on Mort. 674; *Hare* v. *Van Deusen*, 32 Barb. 95, 96.)

There is no pretense in the complaint, that the foreclosure of
the Brown mortgage will occasion the respondent any harm.

*Charles E. Huse*, for Respondent.

Mrs. Tebbitts undertook, as part of the purchase-money, to
pay the two mortgages, but has only paid one. She has kept
back part of the purchase-money, and the respondent has a
vendor's lien therefor. (Civ. Code, §§ 2912, 3046, 3048; 2
Story's Eq. Jur. § 1218; *Walker* v. *Sedgwick*, 8 Cal. 398;
*Truebody* v. *Jacobson*, 2 id. 269; *Salmon* v. *Hoffman*, id. 138;
*Hill* v. *Grigsby*, 32 id. 55; *Baum* v. *Grigsby*, 21 id. 172; *Lewis*
v. *Covilland*, id. 178; 1 Jones on Mort. §§ 748–753; 2 id.
§ 1713; 1 Perry on Trusts, § 232; *Hern* v. *Vogel*, 8 Reporter,
433; *Urquhart* v. *Brayton*, 6 id. 601.)

Ross, J.:

The complaint charges, that, on the 10th of April, 1874, the
plaintiff sold and conveyed to the defendant Hannah B. Teb-
bitts certain real property in the complaint described, in con-
sideration of the payment by the grantee of the sum of one
dollar, and of the amount of two certain mortgages then ex-
isting upon said real property, one in favor of Milo Sawyer,
and the other in favor of R. C. Brown; that the grantee after-
wards paid the Sawyer mortgage, and paid the interest on the
Brown mortgage to December 21st, 1876, leaving the principal
sum of the latter mortgage, together with interest thereon from
December 21st, 1876, unpaid; that on the 9th of October,
1874, Hannah B. Tebbetts executed a deed of trust to the de-
fendants Burr, Shotwell, and the Savings and Loan Society,
for a portion of the said premises, which deed was accepted

with knowledge that Hannah B. Tebbitts had not paid all of the purchase-money; that on the 21st of March, 1876, the holder of the Brown mortgage commenced suit to foreclose it, which suit was pending at the time of the institution of the present action. The prayer is, that the plaintiff have judgment against Hannah B. Tebbitts for the amount remaining due upon the Brown mortgage; and " that, in case the said Hannah B. Tebbitts shall not pay the said judgment, then the premises in this complaint first above mentioned (the premises sold and conveyed by the plaintiff) be sold, and so much of the proceeds as may be necessary be applied to the payment of the judgment so to be rendered." The Court below gave the plaintiff judgment against Hannah B. Tebbitts for the amount remaining due upon the Brown mortgage, and further decreed a vendor's lien therefor in plaintiff's favor on the premises described in her deed of conveyance, and directed a sale of said premises, or so much thereof as should be necessary to pay the amount of the judgment, costs, etc.

It is stated in the brief of counsel for respondent (plaintiff in the Court below), and was so stated at the argument, that the Brown mortgage included other land of the plaintiff than that embraced in her deed to Hannah B. Tebbitts, which had been lost to her by reason of the latter's failure to make the payment in accordance with her contract; and it is upon this that the argument is based, that in equity, the plaintiff is entitled to a lien upon the premises sold by her. But, as will be seen from the statement already made, the complaint does not allege any such fact. On the contrary, it appears therefrom that both mortgages were upon the same land, sold by the plaintiff to Hannah B. Tebbitts, and were existing liens thereon at the time of the sale. One was discharged by payment; the other not having been paid, suit was commenced for its foreclosure. Even if it be assumed that it could be known in advance that there would remain a judgment over against the plaintiff after the sale of the mortgaged premises, there is nothing in the complaint to show or indicate that the property would not bring enough to satisfy the mortgage debt. Whether, if the facts stated in the plaintiff's brief had been stated in her complaint, she would have been entitled to the relief awarded

in the Court below, need not be determined; but certain it is, that the complaint does not state facts sufficient to warrant the decree.

There being no appearance on the part of the defendant Hannah B. Tebbitts, nor any appeal by her, the judgment as to her cannot be disturbed.

Cause remanded to the Superior Court of the county of Santa Barbara, with directions to said Court to modify its judgment by excepting from the vendor's lien in said judgment adjudged and decreed, and from the land by said judgment ordered and directed to be sold, the lot of land conveyed by the deed of trust, of date October 9th, 1874, executed by Hannah B. Tebbitts and Rufus B. Tebbitts to E. W. Burr, J. M. Shotwell, and Savings and Loan Society; and by awarding to Burr, Shotwell, and Savings and Loan Society their costs in the action.

SHARPSTEIN, J., McKINSTRY. J., MYRICK, J., and THORNTON, J., concurred.