## KAHOI KEALOHA *v.* HALAWA PLANTATION, LIMITED, AND HENRY H. PERRY.

### No. 1117.

### MOTION TO DISMISS.

ARGUED AUGUST 9, 1918.          DECIDED AUGUST 29, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE HEEN
IN PLACE OF KEMP, J., ABSENT.

ACTION—*damages—trespass—judgment.*

An action sounding in damages against joint trespassers is in its nature a joint and several action. The plaintiff may proceed against the defendants jointly or separately for the entire damage but can have but one satisfaction of judgment.

SAME—*same—same—same.*

Where plaintiff elects to maintain his action against the defendants jointly any judgment recovered against them is joint and several.

APPEAL AND ERROR—*notice of appeal—service on adverse party.*

The general rule respecting appeals is that co-parties to an action who do not join in the appeal must be served with notice of appeal when their interests are adverse to those of the party prosecuting the appeal.

SAME—*same—same.*

A party to a cause is adverse to the appellant and must be served with notice of appeal, whose interest would be detrimentally affected if any of the relief sought by the appeal should be granted.

EXCEPTIONS, BILL OF—*service on adverse party.*

The same rules governing service of notice of appeal on adverse party also apply to bills of exception.

OPINION OF THE COURT BY COKE, C. J.

The plaintiff Kahoi Kealoha instituted an action for damages in the circuit court of the third judicial circuit against the defendants Halawa Plantation, Limited, and Henry H. Perry jointly for alleged trespass. The defendants answered separately by separate counsel and at the trial of the cause, jury being waived, defendants separately defended. The trial being concluded judgment was rendered against the defendants and in favor of plaintiff for the sum of $3788 together with costs. The defendants separately filed written exceptions to the decision and judgment. The defendant Halawa Plantation, Limited, comes to this court on a bill of exceptions. The defendant Perry did not join his co-defendant in the bill of exceptions, nor has he been served with a copy thereof, or otherwise received notice of this proceeding. The plaintiff has interposed a motion to dismiss the bill of exceptions brought to this court by the defendant Halawa Plantation, Limited, on the ground "that the defendant Henry H. Perry is not a party thereto, either as appellant or appellee and that the appellant the Halawa Plantation, Limited, is not entitled as a matter of law or right to have its said bill of exceptions considered by this court." This motion presents a question fraught with no little difficulty and we have given to it careful and mature consideration not only for its importance to the parties hereto but for the additional reason that it calls for the determination of a matter entirely new in this jurisdiction as well as for the adoption of a rule of procedure of concern to the bar as well as to litigants in the Territory. The plaintiff invokes in support of his motion the rule laid down in

*Simpson* v. *Greeley,* 20 Wall. 152, and adopted by this court in *Territory* v. *Ah Sing,* 18 Haw. 392, and again in *Robinson* v. *Kaae,* 22 Haw. 397, that is to say "that all the parties against whom a joint judgment or decree is rendered must join in the writ of error or appeal or it will be dismissed except sufficient cause for the non-joinder be shown." A great many authorities are to be found approving this rule. But there is a dearth of authority upon the subject where a bill of exceptions is involved. This probably is due to the fact that in very few of the American states or elsewhere is a review by bill of exceptions recognized as a method of appeal. Such a proceeding was unknown to the common law and appears to have had its origin in the statutes of Westminster II (13 Edw. 1 c. 31) and from there found ingraftment into the early laws of the State of Massachusetts, the laws of which State governing appellate procedure whether by writ of error, statutory appeal or bill of exceptions are in close harmony with our own. In a few of the states a bill of exceptions is required as a basis for a review by error. There is a fundamental distinction between an appeal by a bill of exceptions and an appeal by a writ of error even where both are permitted by statutory law. See *Meheula* v. *Pioneer Mill Co.,* 17 Haw. 91. A writ of error is in the nature of a new proceeding commenced by petition and upon which a citation issues. A bill of exceptions possesses neither of these features. We think there is closer analogy between statutory appeals and review by bills of exceptions, and that the rules of the former should ordinarily govern the latter where not contrary to established rules of procedure.

An action sounding in damages against joint trespassers is in its nature a joint and several action. In the present case the plaintiff might have proceeded against either one of the defendants or against them both sep-

arately or as he did in this case against them jointly for the entire damage sustained but of course he could have but one satisfaction of judgment. Where as in this case the plaintiff is maintaining his action against the defendants jointly the judgment recovered by him is joint and several, and this is conceded by counsel for appellant. Freeman on Judgments, 3d ed., Sec. 236; *Dyer* v. *Tyrrell*, 127 S. W. 114; *Brooks* v. *Ashburn*, 9 Ga. 297; *Livingston* v. *Bishop*, 3 Am. Dec. 330; *Wright* v. *Lathrop*, 15 Am. Dec. 529. Any execution that might be issued on the judgment could have satisfaction out of the joint property of defendants if any they possessed or out of the separate property of either of said defendants or partial satisfaction out of the property of one and partial satisfaction out of the property of the other.

The general rule respecting appeals is that co-parties to an action who do not join in the appeal must be served with notice of appeal when their interests are adverse to those of the party prosecuting the appeal. 2nd Ency. Pl. & Pr. 192; 2 R. C. L. pp. 109, 110, 111; *Wilson* v. *Kiesel*, 164 U. S. 248; *Owings* v. *Kincannon*, 32 U. S. 397. "Every party whose interest in the subject-matter of the appeal is adverse to or will be affected by a reversal or modification of the judgment or order appealed from is an adverse party * * * and as it affirmatively appears that numerous parties to the action each of whom would be affected by a reversal or modification of the order appealed from neither joined in the appeal nor was served with notice thereof respondents' motion to dismiss must be sustained." *Crouch* v. *Dakota W. & M. R. R. Co.*, 117 N. W. 145.

It has been said that every party to an action who would not be left in *statu quo*, if everything asked for by the appellant on his appeal is granted, is an adverse party and must be served with notice of appeal. We take this to mean that a party to a cause is adverse to the

appellant and must be served with notice of appeal, whose interest would be detrimentally affected if any of the relief sought by the appeal should be granted.

If the defendant Perry would be adversely affected by the sustaining of any of the exceptions brought up to this court by his co-defendant it was necessary that he have notice of the proceedings which the Halawa Plantation, Limited, is seeking to prosecute in this court. Assuming that this court should sustain one or more of the exceptions brought up by the Halawa Plantation, Limited, and a new trial would result therefrom, the judgment now standing against both of the defendants jointly and severally in the court below would remain in force as to Perry. Would this not affect his status? Take a step further and assume that upon the re-trial of the cause the Halawa Plantation, Limited, should prevail, the entire burden of the judgment now subsisting against both defendants would be thrown upon the shoulders of Perry. Hayne on New Trial and Appeal, Sec. 281; *Frawley* v. *Hoverter*, 36 Minn. 379; *Lake* v. *Tebbitts*, 56 Cal. 481; *Minturn* v. *Baylis*, 33 Cal. 129; *Prescott* v. *Haughey*, 51 N. E. 1051. But inquires counsel for the Halawa Plantation, by what method could it bring in its co-defendant Perry? Counsel makes the point that unlike a proceeding upon a writ of error the law furnishes no machinery by which service of a bill of exceptions can be had upon a refractory co-defendant. Applied to the present case the answer is obvious. If the defendant Perry as a matter of law is to be considered an adverse party that is to say would his interest be compromitted in any manner by the review by bill of exceptions now being prosecuted by the Halawa Plantation, Limited, he should have had the same notice required to be given to the plaintiff appellee. In our jurisdiction this requirement and the method of service is not prescribed by statute but is regulated by

rules of court which have the force of law. Rule 6 of the circuit court of the third judicial circuit provides that "copies of all pleadings and papers filed subsequent to the initial pleading, shall be served by the party filing the same on the *opposite party* or his attorney. * * * Such service and receipt of copies should be acknowledged in writing on the original, signed by the party served, or shall be shown by certificate signed by the party serving them." And Rule 28 thereof provides that "upon the filing and presenting to the judge and due service of a copy of a bill of exceptions *opposite* counsel shall have five days in which to file exceptions thereto."

We think the phrases "adverse party" and "opposite party" are synonymous terms when employed in the rules of appellate procedure. If as we have pointed out Perry was an adverse party he was also an opposite party and therefore came within the scope of the rules quoted exactly in the same manner and to the same extent that the plaintiff came within the scope thereof.

Under these rules the Halawa Plantation, Limited, was required to and did serve a copy of its bill of exceptions upon the plaintiff and it was equally essential that it make service upon the defendant Perry. The personal liability of Perry having been determined by a court of competent jurisdiction this court has no authority to change the judgment so as to alter his liability or status in any way detrimental to him without notice. If we were to assume jurisdiction and pass upon the exceptions presented we would in fact be disposing of matters affecting a party not before us and who has been afforded no opportunity to be heard. Counsel for defendant Halawa Plantation, Limited, suggests that if this court holds that the bill of exceptions should have been served upon Perry permission now be granted to make the service. The most favorable authority coming to our attention in

support of this request is *Hutts* v. *Martin*, 131 Ind. 1, where it is said that "where appellant's failure to give notice of appeal to his co-party is due to *accident* or *mistake* the appeal will not be dismissed but an opportunity will be given to the appellant to correct his error." But, even could this liberal rule appertaining to a notice of appeal be properly adopted as applying to a bill of exceptions yet in this case no showing is made that failure to serve Perry with the bill of exceptions was due either to accident or mistake, nor is any other excuse for the failure to make service upon him offered. And furthermore if Perry was an adverse party at the time of the presentation of the bill of exceptions to the judge of the court below he had a right to have the bill of exceptions served upon him and the further right to appear within five days before the judge and file exceptions to the bill of exceptions. How could this last mentioned right be now exercised when the bill of exceptions has long since been settled and passed out of the hands of the judge of the circuit court.

The motion to dismiss the bill of exceptions is granted. We grant the motion with the less regret as there is still ample time for the Halawa Plantation, Limited, to obtain in another proceeding any relief to which it may be entitled, by reason of the matters contained in its bill of exceptions.

*A. Lindsay, Jr.,* for the motion.

*A. G. M. Robertson,* contra.