LAUPAHOEHOE SUGAR COMPANY *v.* SOLOMON K. LALAKEA, ET AL.

No. 1523.

MOTION TO DISMISS APPEAL.

ARGUED FEBRUARY 13, 1924.                    DECIDED FEBRUARY 28, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

APPEAL AND ERROR—*requisites of appeal—service on parties of copy of notice of appeal not essential to jurisdiction.*

In an appeal to this court from the decree of a circuit judge at chambers, the filing in court of the notice of appeal within five days and the payment of costs accrued and the filing of a bond for costs to accrue within ten days are the effective appellate acts which give to this court the power to review the decree complained of. Service on the appellee or on non-appealing co-parties of a copy of the notice of appeal does not constitute a part of the appeal and is not essential to the jurisdiction of this court to review the decree appealed from.

OPINION OF THE COURT BY PERRY, J.
(Peters, C. J., dissenting.)

This was a suit for specific performance of an agreement in writing to renew a lease. Several persons were joined as respondents, evidently upon the theory that they were or claimed to be holders of the legal title in succession to the original lessor who had died after the execution of the original lease. A "decision, order and decree" having been filed by the court requiring of Solomon Lalakea, one of the respondents, a renewal of the lease in question, an amended decree was subsequently entered, upon motion of the complainant, requiring the renewal of the lease to be executed by Solomon Lalakea as holder of an undivided seven-eighths interest and by Hannah Makainai, another of the respondents, as holder

of an undivided one-eighth interest. This amended decree was filed on December 29, 1923. On January 3, 1924, Solomon Lalakea filed a paper entitled "Notice of Appeal" and on January 8, 1924, perfected the appeal by filing the necessary bond and paying the accrued costs. The complainant now moves to dismiss the appeal upon a number of grounds which may be stated in substance as follows: (1) that the necessary papers on appeal were not filed in this court within twenty days of the filing of the appeal; (2) that the appellant, Solomon Lalakea, consented to the amended decree not only in form but also in substance; and (3) that this court has no jurisdiction to hear the cause on appeal because (a) the notice of appeal was not served on complainant's attorney within five days of the rendition of the amended decree, (b) the notice of appeal was not served on the non-appealing respondents and (c) the notice of appeal was not addressed to the complainant-appellee or to the non-appealing respondents.

Rule 1 of this court provides that "if the necessary papers are not filed in this court within twenty days after the issuance of a writ of error, perfecting of an appeal or allowance of a bill of exceptions or such further time as may be allowed by this court or a justice thereof the appeal may be dismissed for want of prosecution." The rule does not attempt to make it mandatory upon this court to dismiss an appeal in every instance when the papers are not filed in this court within the time limited. It leaves it discretionary with the court to consider the circumstances of each particular case and to determine in view of those circumstances whether the appeal should be dismissed or some other course be followed. It is shown by affidavit in the case at bar that an extension of the time within which to file in this court the necessary papers was obtained from the trial court and that this was done in consequence of a mistaken assumption by

counsel for the appellant and by the trial judge as to what the rule of this court applicable in such cases required. Under these circumstances and in view of the promptness of counsel in applying for an extension in this court when the mistake was called to their attention, justice will be best served not by dismissing the appeal but by granting the motion for an extension of time.

The second ground of the motion likewise cannot be sustained. It is true that at the end of the amended decree the endorsement appears, "O. K.—W. H. S.," the signature being that of one of the attorneys for the respondent Solomon Lalakea. While the words "as to form," ordinarily employed in such cases, are wanting in this instance, it is apparent that the approval was simply the ordinary approval of defeated counsel relating to the form of the proposed decree,—an approval intended to facilitate the duties of the trial judge in the matter of the entry of an appropriate decree. It is admitted by counsel for the complainant, the prevailing party, that no writing other than is contained in these five letters above quoted was secured by him from counsel for Lalakea to show an abandonment by the latter of his opposition to the prayer of the bill and.his consent to the entry of a decree against him. If Lalakea was indeed surrendering his claims and consenting to a termination of the suit adversely to himself, it would naturally be expected of counsel for the prevailing party that he would prepare a much more formal and unambiguous statement in writing from Lalakea of such abandonment and consent. Again, immediately following the five letters above quoted, appear on the amended decree the following words: "Approved as to form" signed by the attorney for the complainant. Why was he approving as to form only if counsel for the defeated party was approving as to substance as well as to form? The question, it would seem, answers itself.

As to the third ground of the motion. Our statutory provision relating to appeals from circuit judges in chambers is: "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court * * * whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued, and deposit a sufficient bond in the sum of fifty dollars, conditioned for the payment of the costs further to accrue in case he is defeated in the appellate court, or money to the same amount, within ten days after the filing of the decision, judgment or decree appealed from." This statute was first enacted in 1892 and with amendments not now material (other than the one about to be referred to) has been in force ever since. In 1919 the following amendment was added: "In case the decision, judgment, order or decree sought to be reviewed was rendered against two or more persons either or any of such persons may appeal therefrom, and for that purpose shall be permitted to use the names of all such persons. The appellant shall serve those of such persons who have not joined in the appeal and who can be found within the Territory, with a copy of the notice of appeal. Such persons shall be entitled to be heard in the supreme court. All such cases shall be determined as if all such persons had joined in the appeal, but no costs shall be taxed against any such person who did not join in the appeal nor ask to be heard in the supreme court." Act 45, S. L. 1919.

The appeal document filed by Solomon K. Lalakea, the appellant in this case, is in the following words, under the title of the court and cause:

"Notice of Appeal.

"Comes now Solomon K. Lalakea, one of the respondents above named, by his attorneys, Carl S. Carlsmith and W. H. Smith, and gives notice of appeal and does hereby

appeal to the supreme court of the Territory of Hawaii from the amended decree and from the whole thereof made and entered in the said cause on the 29th day of December, 1923, by the Honorable J. Wesley Thompson, acting judge of the circuit court of the fourth judicial circuit, Territory of Hawaii."

This form of statement that an appeal is being taken and that notice thereof is thereby being given is one that has been in common use in this jurisdiction ever since the enactment of the statute in 1892. It has been unquestioned during all these years as a correct form of document for the taking of an appeal from a circuit judge at chambers. It is a form complying in all respects with the requirements of the statute of 1892, now section 2508, R. L. 1915. It is expressed in as direct and clear language as such a document well could be expressed. The fact that the appellant appeals from the decree referred to is clearly stated and the fact that he thereby gives notice that he is so appealing is stated with equal clearness. The statute names three requisites only to the taking and perfecting of an appeal: one is that the notice of appeal be filed within five days from the rendition of the decree; another is that the costs accrued be paid within ten days and the third is that a bond for costs to accrue be also filed within the same ten days. As to the notice of appeal, the only requirement is that it be *filed*—which obviously means filed *in court* and not in the office of the appellee or of the latter's attorney. At least until 1918 when the decision was rendered in the case entitled *Kealoha* v. *Halawa Plantation, Limited, and H. H. Perry,* 24 Haw. 436, this was the generally accepted view, acquiesced in by the circuit courts and the supreme court. The practice was in accordance with that view. In our opinion that practice and that view were correct.

Nor does Act 45, S. L. 1919, make any provision to the

contrary.   It does require that "appellant shall serve those of such persons who have not joined in the appeal and who can be found within the Territory, with a copy of the notice of appeal," but it does not limit the time within which such copy shall be served nor does it in anywise provide or indicate that the failure to make such service shall render incomplete and ineffectual appellant's attempt to appeal.   Had the legislature intended by this Act to modify the preexisting law and the long-continued practice thereunder, with which it must be deemed to have been familiar, it could easily have provided and would naturally be expected to provide, in unambiguous language, that no appeal should be deemed complete or effectual unless a copy of the notice thereof was served upon the persons named within a specified time.

Under our statute, it is the filing in court of the notice of appeal which is the effective appellate act giving this court the power to review the particular decree complained of.   The service of a copy of this notice, required by the Act of 1919, is not jurisdictional but is merely a matter of procedure.   Whether in any particular instance the failure to serve a copy should result in a dismissal of the appeal or in a postponement of the argument of the appeal is to be determined, as a matter of discretion, in view of all of the surrounding circumstances.   In the case at bar a copy of the notice of appeal was mailed by appellant to appellee's attorney on the same day that the original notice was filed in court and was received by the addressee on the next day.   That certainly met all the requirements of promptness.   Upon the docketing of the cause on appeal, Mr. J. W. Russell, who appeared in the trial court as attorney for respondents Hannah Makainai, Lily Hewahewa, George Lalakea and Archie Hapai, was notified by the clerk of this court of the docketing of the case on appeal.

None of the respondents are complaining of lack of notice of the appeal. Some of the respondents did not answer or appear in the trial court. Of those who did file answer, Solomon Lalakea alone contested complainant's right to the decree prayed for. Hannah Makainai, as well as Mohiehie Hewahewa, expressly admitted the truth of the allegations of the bill of complaint and complainant's right to a lease as prayed for.

The notice of appeal mentioned in the statute is not intended to be in the nature of a citation. The respondents are all duly cited at the inception of a suit and the complainant likewise comes into court when he commences suit. An appeal is not the beginning of a new suit and further citations are not necessary when an appeal is taken any more than they would be necessary when an answer or other plea or a motion is filed.

We are not to be regarded as approving of a practice of not giving notice to appellees or to non-appealing co-parties of the fact that an appeal has been taken. Such notification should ordinarily be given in the case of appeals just as it is ordinarily given of the filing of pleadings and motions and of the taking of other steps in a cause.

Decisions from other jurisdictions cannot be of assistance in such a case as this, each being determined in view of the provisions of the particular statutes under consideration. In this jurisdiction the provisions of our statute must prevail. To our minds they are clear and unambiguous.

It is worthy of mention, however, that in *Vivas* v. *Akoni,* 14 Haw. 115, decided in 1902, the court construed a parallel statute substantially as we are now construing this statute. In that case judgment was rendered by a magistrate in favor of a defendant in an action of assumpsit. Plaintiff appealed but did not bring his

appeal to trial for nearly three years. The case was then tried in the circuit court without notice to the defendant and without appearance by her. Subsequently the defendant moved to vacate the judgment and set aside the execution supported by an affidavit that she had had no notice or knowledge of the trial in the circuit court and also setting forth facts showing that she had a good defense. The trial judge having refused to vacate the judgment, this court sustained the exception and ordered the judgment set aside saying, *inter alia*: "The failure to notify defendant of the taking of an appeal from the district court, we deem of no avail to her now, for such notice was not required by any statute or rule nor was it even customarily given; it was open to defendant to ascertain the facts by inquiry at the proper place. Without fault, however, on the part of either the defendant or the plaintiff, the case had been delayed for nearly three years by reason of the magistrate's failure to certify up the record. That after this long delay the hearing was had without notice to the defendant and, so far as appears from the record, without any attempt to give such notice, was not in conformity with the requirements of justice." In other words, the view of this court then was that the requirement of the statute was that the notice of the appeal should be filed in the court in which the case was progressing and developing step by step, that there was no harshness in requiring an appellee to consult the records of the court and cause to ascertain whether the judgment in her favor had been appealed from and that such a court was eminently a proper place for the filing of such a notice, a notice which would inform not only the court but also the parties to the record and any other interested persons that an appeal was being taken.

In *Makaio* v. *Adamu,* 14 Haw. 411, there was no holding to the contrary. The only question there consid-

ered was whether a document purporting to be a notice of appeal but which in reality simply gave notice of an "intention to appeal" was a notice of appeal within the meaning of the statute; and the court held that it was not, saying that "the statute contemplates the giving of notice that an appeal has been taken or, at least, that it is being taken concurrently with the giving of the notice. It is not sufficient to notify the opponent that the party will appeal or intends to appeal. A notice of intention to appeal is not a notice of appeal." No consideration was given in that case to the question of whether the notice should be filed in court or should be served upon the appellee or upon non-appealing co-parties. That issue is not even mentioned in the opinion.

In *Kealoha* v. *Halawa Plantation, Limited, and H. H. Perry,* 24 Haw. 436, the defendant Halawa Plantation, Limited, brought a bill of exceptions to this court. The defendant Perry did not join in that bill of exceptions. Plaintiff moved to dismiss the bill of exceptions on the ground that "the defendant Henry H. Perry is not a party thereto, either as appellant or appellee and that the appellant the Halawa Plantation, Limited, is not entitled as a matter of law or right to have its said bill of exceptions considered by this court," because evidently the co-defendant Perry was not served with notice of the bill of exceptions. Whether in this respect a bill of exceptions is distinguishable from an appeal in an equity suit we need not now determine. Perhaps it is and perhaps it is not. All that need be now said is that if the two cases are not distinguishable, the decision in the *Halawa Plantation* case is now overruled.

The motion to dismiss the present appeal is denied and the motion for an extension of time is granted.

*H. Edmondson* for petitioner.

*C. S. Carlsmith* for respondent S. K. Lalakea.

DISSENTING OPINION OF PETERS, C. J.

I respectfully dissent from so much of the foregoing opinion as holds in effect that the failure of the appellant, Solomon Lalakea, to give the Laupahoehoe Sugar Company, the prevailing party below, actual notice of the appeal within five days of the rendition of the decree and within like time to serve a copy of such notice of appeal upon Hannah Makainai, a nonappealing party against whom with the appellant said decree had been rendered, was not jurisdictional as to the parties appellee but merely an irregularity to be visited by such penalty as the court in its discretion might determine.

In my opinion the term "notice of appeal" as employed in section 2508, R. L. 1915, is an appeal of which actual notice has been given the appellee within five days of the rendition of the decree from which the appeal is taken. The statute requires that there be filed by an appellant a "notice of appeal" and not merely an "appeal" by constructive notice of which the appellee by virtue of the act of filing is bound. Notice imports knowledge. Knowledge by whom? Obviously the person primarily affected by the appeal, viz., the appellee. If the court were alone to be considered an appeal would be in itself sufficient notice to it. This is consonant with the general rule that all parties appellee should be cited upon an appeal and that the appellee have "notice" that an appeal is being or has been taken so that he may refrain or desist from taking steps for the enforcement of the decree which the appeal duly perfected stays pending such appeal. Constructive notice is a creature of statute. I know of no law that binds parties to litigation in the circuit courts to constructive notice of the existence or contents of papers by the mere act of their being filed in the clerk's office. Had the legislature intended that an appellee be bound by constructive notice of the appeal taken by the appellant the mere requirement that an

"appeal" be filed within five days would have been sufficient. The Laupahoehoe Sugar Company, in whose favor the decree was entered below, did not receive actual notice of the appeal until the sixth day after the rendition of the decree from which the appeal was taken. This was too late.

The decree from which Solomon Lalakea attempted to appeal was against both him and one Hannah Makainai, another respondent. Hannah Makainai did not appeal. Ordinarily where a joint decree is rendered against two or more persons all must join in the appeal. Where less than all of those adversely affected seek to appeal a severance must be effected. Section 2508A, R. L. 1915, provides the method of severance. It provides that the appellant serve a copy of his notice of appeal upon non-appealing parties. Under the provisions of section 2508A it was therefore obligatory upon Lalakea to serve a copy of his notice of appeal upon Hannah Makainai. This he has absolutely failed to do. Sections 2508 and 2508A are in *pari materia* and must be construed together. Section 2508 and not section 2508A describes the method of appeal. Section 2508A refers simply to the method of acquiring jurisdiction of a nonappealing party in the event of a severance. If my interpretation of section 2508 is correct, to the effect that actual notice of the taking of the appeal must be given the appellee prior to the expiration of the five days' limitation prescribed by statute, then the specific method of securing a severance, that is, by service of a copy of the notice of appeal upon the nonappealing party, must be accomplished within the same time limitation. The motion of the Laupahoehoe Sugar Company should be granted and the appeal dismissed.