## MID-PACIFIC DRESS MANUFACTURING COMPANY, LIMITED, ET AL., *v.* L. V. CADINHA, AS ASSIGNEE FOR THE BENEFIT OF THE CREDITORS OF NEW YORK DRESS COMPANY, LIMITED, ET AL.

### No. 2122.

Argued December 6, 1933.　　　　Decided February 3, 1934.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon the motion of petitioners, defendants in error, to quash and dismiss the writ of error of the respondents, plaintiffs in error. The motion is based upon six grounds hereinafter separately considered.

1. Ground one is that "the writ of error herein is addressed to the 'circuit court of the first judicial circuit, Territory of Hawaii' whereas in truth and in fact the decree sought to be reviewed by said writ of error was rendered and the proceeding resulting in said decree took place in the court of the circuit judge, at chambers, in equity, first judicial circuit, Territory of Hawaii." The record before us discloses that the writ of error is not addressed to the "circuit court" as above alleged but to the "clerk of the circuit court" as specifically permitted by section 2532, R. L. 1925, and in the form therein approved. Nowhere in the writ does it appear that the record ordered to be sent up is in other than an equity case and the case and tribunal are therein sufficiently identified by title and by the caption "Writ of Error to Decree of Circuit Judge, First Judicial Circuit, Hon. Chas. S. Davis, Third Judge Presiding," read in connection with the reference in the body of the writ to "the above entitled case" and the command to send "to the supreme court the record in said case."

In this Territory there is no statutory provision for "clerks of circuit judges in chambers" as distinguished from "clerks of circuit courts." Section 2291, R. L. 1925, provides, among other things, for the appointment and removal of "clerks of circuit courts." Section 2294, as amended by Act 171, L. 1929, in part provides that such clerks of circuit courts shall have custody of the records and other things therein named. Section 2297 prescribes the powers of "clerks of courts of record," which powers include, among others, acting ex officio as masters in chancery, attending and recording "the proceedings at all sittings of courts of record and in proceedings before a circuit judge in chambers." A writ, therefore, addressed to the "clerk of the circuit court" is properly addressed under the provisions of section 2532, R. L. 1925, whether the proceeding sought to be reviewed is at law or in equity. A writ so addressed in the circumstances above recited is not a writ addressed to the "circuit court." The facts as above set forth being other than as alleged in paragraph I of the motion, the motion is not sustainable on the ground therein urged.

2. Petitioners' second ground for their motion to quash is therein stated as follows: "The respondents, plaintiffs-in-error, and their counsel, have failed to serve a notice upon petitioners, defendants-in-error, that application for a writ of error has been filed, pursuant to section 2530, Revised Laws of Hawaii, 1925, since the notice which was served upon petitioners, defendants-in-error, reads 'You and each of you will please take notice that application has been filed this day for a writ of error from the supreme court of the Territory of Hawaii in the above entitled matter, addressed to the circuit court of the first judicial circuit, Territory of Hawaii,' whereas in truth and in fact the decree sought to be reviewed resulted from a proceeding in the court of the circuit

judge, at chambers in equity, first judicial circuit, Territory of Hawaii."

Section 2530, R. L. 1925, above referred to, provides as follows: "An assignment of errors shall be filed with the application for the writ. Service of a copy of such assignment of errors shall be made upon the defendant in error or his attorney of record, or upon the legal or personal representative of a deceased party. Such copy shall bear a notice from counsel that application for a writ of error has been filed. Proceedings upon a writ of error shall be deemed to be a continuation of the original cause." The notice, as the record shows, reads in part as alleged in the above quoted motion to quash; but attached to the notice were copies of the application for the writ, the writ itself, the assignment of errors and the bond, all referred to in the notice. The application was addressed to the clerk of the supreme court of the Territory of Hawaii and asked that a writ of error "in the above entitled cause" be issued "to the clerk of the circuit court of the first judicial circuit," etc. The application was entitled and captioned in the same manner as the writ itself as hereinabove set forth and was in the form specifically provided by section 2531, R. L. 1925. It did not ask that the writ be addressed to the "circuit court of the first judicial circuit" or otherwise than as above recited. Furthermore, in the body of the assignment of errors the case is referred to by its full title with the addition that it is "equity number 3294," and with the date of the decree correctly given as August 21, 1933. The bond on writ of error attached to the notice and entitled and captioned in the same manner as were the application, assignment, writ and notice, expressly recited that the case was "at chambers in equity" and gave its full title, equity number and date of its decree. Petitioners thus had full notice of the identity of the case in which

writ of error was sought. In view of the foregoing facts it cannot be held as urged by counsel in paragraph II of their motion that "the respondents * * * have failed to serve a notice upon petitioners * * * that application for a writ of error has been filed, pursuant to section 2530, Revised Laws of Hawaii, 1925."

3 and 4. The third and fourth grounds of petitioners' motion to quash may be considered together. The third ground is thus stated in the motion: "The United States Fidelity and Guaranty Company, one of the parties, against whom the decree of the circuit judge, at chambers in equity, was jointly rendered, has not joined or been joined as a party in the within writ of error and there is therefore a nonjoinder of a necessary party in the writ of error herein." The fourth ground is as follows: "The respondents, plaintiffs-in-error, have failed to effect a severance as provided by section 2525, Revised Laws of Hawaii, 1925 for the reason that the name of the United States Fidelity and Guaranty Company has not been used in the writ of error herein and the United States Fidelity and Guaranty Company has not been served with a copy of the assignment of errors and notice that a writ of error has issued." The alleged defects referred to in paragraphs numbered three and four are not apparent in the application, writ of error, assignment of errors and papers filed therewith as hereinabove set forth by the respondents, plaintiffs in error, and they are sought to be brought to our attention by reference in the motion to the files and records of the case and the affidavit of one of the attorneys for the petitioners, defendants in error. The affidavit alleges upon information and belief that the United States Fidelity and Guaranty Company has not been served with a copy of the assignment of errors or notice that a writ of error has issued in the above entitled cause, and that the United States Fidelity and Guaranty Company has

not joined or been joined as a party in the above entitled writ of error.

The record shows that under date of September 12, 1932, L. V. Cadinha, as principal, and the United States Fidelity and Guaranty Company, as surety, executed a bond in the sum of $10,000 to the petitioners, the condition of which bond is therein expressed as follows: "The condition of this obligation is such that, whereas, there is now pending in the above entitled court and cause the petition of petitioners praying for affirmative relief, which said petition is made a part hereof by reference, now therefore, if upon said suit being tried, a decree shall be rendered in favor of the petitioners or any of them or any other persons, firms and/or corporations entitled to relief under the pleadings herein, and if said decree shall be wholly and completely satisfied by said respondents or any of them, then this obligation to become null and void, otherwise to remain in full force and effect." The date of the above quoted bond and of the filing thereof is nine days prior to the date of the filing in said proceedings of the answer of respondents. In the memorandum in support of their motion to dismiss writ of error, counsel for petitioners, defendants in error, say: "Prior to the trial in the court below, the plaintiffs-in-error moved for various postponements of the trial. In view of the breach of fiduciary duty charged in the bill of complaint and the further fact that the alleged trust estate was then in the hands of the respondents and subject to dissipation by the latter, the circuit judge at chambers imposed upon the respondents the requirement of a bond in the amount of ten thousand dollars ($10,000.00) as a condition to the granting of a further delay." The record before us is silent as to the circumstances above recited requiring the execution of the bond above referred to. Under date of May 1, 1933, an interlocutory decree in favor of peti-

tioners was filed. This was followed, under date of August 21, 1933, by final decree in conformity therewith, which, after certain recitals, proceeded as follows: "And whereas, on the 12th day of September, 1932, a bond was filed in the above entitled action by the respondents with the United States Fidelity and Guaranty Company as surety, conditioned upon the whole and complete satisfaction of this decree by the respondents above named or any of them; it is ordered, adjudged and decreed that the interlocutory decree and the report of Matthew M. Graham, master, heretofore filed herein, be incorporated in this final decree by reference and made a part hereof as if fully set forth herein. It is further ordered, adjudged and decreed that L. V. Cadinha, as assignee for the benefit of the creditors of New York Dress Company, Limited, an Hawaiian corporation, L. V. Cadinha, individually, C. T. Davenport, and C & D Dress Company, Limited, an Hawaiian corporation, the respondents above named, pay to Mid-Pacific Dress Manufacturing Company, Limited, an Hawaiian corporation, Theo. H. Davies & Company, Limited, an Hawaiian corporation, and V. D. Doty, petitioners above named, the sum of eight thousand three hundred seventy-seven and 30/100 dollars ($8,377.30), together with interest at eight percent (8%) per annum from April 22, 1933, petitioners' attorneys' fees in the amount of $2,000.00 and costs taxed at $1368.55. It is further ordered, adjudged and decreed that the United States Fidelity and Guaranty Company pay the above named petitioners the sum of ten thousand dollars ($10,000.00) on account of said monetary decree and thereupon its said bond be cancelled."

Up to the time of the final decree the United States Fidelity and Guaranty Company does not appear to have been a party to the above entitled suit nor to have received or waived notice, nor to have entered any appearance in

any proceeding against itself therein. The decree against it in the absence of any contrary showing in the record before us appears to have been summary and *ex parte*. Whether or not in the circumstances above recited respondents, plaintiffs in error, are for any purpose required to serve a copy of assignment of errors and notice that writ has issued, to a nonjoining surety on its bond for satisfaction of decree, it is unnecessary for us to decide for two reasons, namely, (a) that such copy and such notice have now been served within the time provided for service upon nonjoining persons generally by section 2525, R. L. 1925, and (b) that failure to serve such copy and such notice is nowhere made a ground for dismissing said writ. These points will be considered in order.

(a) Entry by the circuit judge of final decree as above set forth was under date of August 21, 1933. Service on the United States Fidelity and Guaranty Company of such notice and copy of assignment of errors, as shown by certificate on record in this court, was made December 15, 1933, less than four months thereafter. Section 2525, R. L. 1925, provides as follows: "In case the judgment, order or decree sought to be reviewed was rendered against two or more persons, either or any of such persons may apply for a writ of error and for that purpose shall be permitted to use the names of all such persons. The applicant shall serve those of such persons who have not joined in the application and who can be found within the Territory with a copy of the assignment of errors and notice that a writ of error has issued. Such persons shall be entitled to be heard in the supreme court; and any of them may at any time before the case is heard and within six months from the entry of such judgment, order or decree, file in the supreme court an additional assignment of errors, a copy of which shall be served upon each of the other parties to the proceeding. All such cases

shall be determined in the same manner as if all such persons had joined in the application for the writ, but no costs shall be taxed against any such person who did not join in the application nor ask to be heard in the supreme court. The order of names of parties shall be the same in the supreme court as in the circuit court." It is noted that Act 37, L. 1931, amending section 2521, R. L. 1925, as amended by Act 211, L. 1925, neither expressly nor by implication amends section 2525, R. L. 1925. Under section 2521, as now amended, a writ of error in the circumstances named may be issued within ninety days from the entry of the decree, but this provision is not inconsistent with or repugnant to the above quoted provisions of section 2525, to the effect that persons against whom a decree has been rendered, who have not joined in the application for writ of error "shall be entitled to be heard in the supreme court; and any of them may at any time before the case is heard and within six months from the entry of such * * * decree, file in the supreme court an additional assignment of errors," etc. The case has not yet been heard and the six months' period has not yet elapsed. No express limitation is provided by statute as to the time within which the notice herein referred to shall be given. In the instant case it was given in ample time to enable the surety in the event that it comes within the classification of nonjoining persons referred to in the statute to protect its rights.

(b)   As to the effect in the above circumstances of failure of service of notice of application for writ and copy of assignment of errors: In *Laupahoehoe Sugar Co. v. Lalakea*, 27 Haw. 682, this court held, as set forth in the syllabus: "In an appeal to this court from the decree of a circuit judge at chambers, the filing in court of the notice of appeal within five days and the payment of costs accrued and the filing of a bond for costs to accrue

within ten days are the effective appellate acts which give to this court the power to review the decree complained of. Service on the appellee or on non-appealing co-parties of a copy of the notice of appeal does not constitute a part of the appeal and is not essential to the jurisdiction of this court to review the decree appealed from." The opinion in the case last above cited dealt with appeals. By analogy it is also applicable to writs of error. It dealt in part with Act 45, L. 1919, now section 2510, R. L. 1925, providing, among other things, for severance and for service of notice upon nonjoining persons upon appeal. Section 2510 is similar to section 2525; the only essential difference between them is that the former applies to appeals and the latter to writs of error. The requisites of an appeal are set forth in another section, now 2509. Service of notice of the kind hereinabove referred to is not one of those requirements. Quoting from the text of the opinion in *Laupahoehoe Sugar Co.* v. *Lalakea, supra,* on pages 686 and 687: "Nor does Act 45, S. L. 1919, make any provision to the contrary. It does require that 'appellant shall serve those of such persons who have not joined in the appeal and who can be found within the Territory, with a copy of the notice of appeal,' but it does not limit the time within which such copy shall be served nor does it in anywise provide or indicate that the failure to make such service shall render incomplete and ineffectual appellant's attempt to appeal. Had the legislature intended by this Act to modify the preexisting law and the long-continued practice thereunder, with which it must be deemed to have been familiar, it could easily have provided and would naturally be expected to provide, in unambiguous language, that no appeal should be deemed complete or effectual unless a copy of the notice thereof was served upon the persons named within a specified time. Under our statute, it is the

filing in court of the notice of appeal which is the effective appellate act giving this court the power to review the particular decree complained of. The service of a copy of this notice, required by the Act of 1919, is not jurisdictional but is merely a matter of procedure." Counsel for movants have cited earlier cases in support of a different rule upon exceptions and writs of error. The cases so cited are *Robinson* v. *Kaae*, 22 Haw. 397; *Territory* v. *Ah Sing*, 18 Haw. 392; *Ting* v. *Born*, 21 Haw. 638; *Bowler* v. *McIntyre*, 9 Haw. 306; *Castle* v. *Kapiolani Estate*, 16 Haw. 33, and *Kealoha* v. *Halawa Plant'n.*, 24 Haw. 436. The cases so cited were all decided prior to the effective date of the statutes of 1919 referred to in *Laupahoehoe Sugar Co.* v. *Lalakea, supra,* and hereinafter referred to. Taken together they deal with appeals, exceptions and writs of error and announce no material distinction in the application of the rule for which they are cited in the three classes of appellate proceedings.

Referring to the last of the six cases cited by counsel as above narrated, this court, in *Laupahoehoe Sugar Co.* v. *Lalakea,* on page 690 said: "In *Kealoha* v. *Halawa Plantation, Limited, and H. H. Perry,* 24 Haw. 436, the defendant Halawa Plantation, Limited, brought a bill of exceptions to this court. The defendant Perry did not join in that bill of exceptions. Plaintiff moved to dismiss the bill of exceptions on the ground that 'the defendant Henry H. Perry is not a party thereto, either as appellant or appellee and that the appellant the Halawa Plantation, Limited, is not entitled as a matter of law or right to have its said bill of exceptions considered by this court,' because evidently the co-defendant Perry was not served with notice of the bill of exceptions. Whether in this respect a bill of exceptions is distinguishable from an appeal in an equity suit we need not now determine. Perhaps it is and perhaps it is not. All that need be

now said is that if the two cases are not distinguishable, the decision in the *Halawa Plantation* case is now overruled." The analogy between the requirements upon appeal and upon writ of error is apparent. The prerequisites to the issuance of a writ of error like those of an appeal are specifically provided by law. In civil cases the statutes applicable are section 2521, as amended by Act 211, L. 1925, and by Act 37, L. 1931, section 2527, as amended by Act 211, L. 1925, sections 2529, 2530 and 2531. None refer to service of notice of the kind now under consideration. Severance and service of notice and copy of assignment are provided by Act 44, L. 1919, now section 2525, R. L. 1925, in terms almost identical with those used in section 2510, with reference to service and notice upon appeal.

Following the reasoning hereinabove quoted in *Laupahoehoe Sugar Co.* v. *Lalakea,* and adapting it to the facts and issues now before us the conclusion is reached that upon writ of error to review a decree against two or more persons, either or any of whom have not joined in the application for the writ, failure of the applicant to serve any such person who has not joined in the application and who can be found within the Territory with a copy of the assignment of errors and notice that a writ of error has issued, in the circumstances above recited, is not sufficient ground for dismissal of the writ.

5. Petitioners' fifth ground of their motion to quash is therein stated as follows: "Each and every one of the ninety (90) assignments of error of respondents, plaintiffs-in-error, fails to specify clearly, certainly and completely the alleged error complained of, and is so general and insufficient that it does not advise this court or petitioners, defendants-in-error, of the respect in which the lower court erred, but on the other hand, throws the burden of searching the entire record and the transcript

upon this court and the petitioners, defendants-in-error, to locate the error complained of." The foregoing averment does not require us to examine, for the purpose of passing upon this ground of plaintiffs' motion, each and every one of respondents' ninety assignments of error. If any one assignment is sufficient petitioners' ground number five cannot be sustained. Inferentially and indirectly in point is *Taba* v. *Jardin,* 30 Haw. 337, 339, and cases therein cited to the effect that "it is settled in this jurisdiction 'that if one or more exceptions are properly incorporated in the bill and presented to the judge within the time allowed by law, * * * the bill cannot be dismissed,' " citing *Kauhane* v. *Laa,* 19 Haw. 526, 527; *Harrison* v. *Magoon,* 16 Haw. 170, 172, and *Territory* v. *Cotton Bros.,* 17 Haw. 608, 611. By analogy the same rule is applicable to assignments of error. Assignments numbered sixty-three, sixty-seven, sixty-eight, seventy-three and ninety are as follows: "LXIII. The court erred in its said final decree in giving judgment against respondents for a sum of $250.00 as representing moneys actually paid as an attorney's fee in connection with the dissolution of the New York Dress Company, Limited, when in fact only $150.00 was paid for such purpose, and when nothing in the evidence or in the master's report justified any judgment against respondents in this connection at all." "LXVII. The court erred in entering its said final decree in that by said final decree it awards to petitioners alone an entire trust res which, if actually held in trust at all, would necessarily be held for many persons other than petitioners, and to only a small portion of which petitioners could possibly be entitled." "LXVIII. The court erred in its said final decree in that by said decree it adjudged that properties erroneously found by it to have a value of $8,377.30 were held by respondents as trustees for the creditors of New York Dress Company,

Ltd., and then in adjudging that the entire amount be paid to only three of all of the many creditors of said corporation." "LXXIII. The court erred in finding in its said final decree that 'the aforesaid report of Matthew M. Graham reveals that the value of the trust estate of May 13, 1933, was eight thousand three hundred seventy-seven and 30/100 dollars ($8,377.30),' whereas the master's report shows nothing of the kind." "XC. The court erred in making and entering its final decree in that the amount for which judgment was rendered against respondents in said decree was a purely arbitrary amount without any foundation in the evidence in any recommendations made by the master and without any foundation in law."

The five assignments last above quoted, at least to the extent that they allege a total failure of evidence to support specific findings, or specific relief granted in the decree and definitely set forth in the assignments, are *prima facie* sufficient to require a consideration of them upon their merits and to defeat a motion to dismiss the writ of error based, as in ground five, upon the alleged insufficiency of the assignments as a whole. No opinion is now expressed as to the sufficiency or insufficiency of any one or more of the remaining eighty-five assignments.

6. The sixth ground upon which dismissal of the writ is asked is thus set forth in the motion: "The respondents, plaintiffs-in-error failed to aver the jurisdictional fact that execution of the decree of the lower court had not been fully satisfied prior to the issuance of the writ of error herein." In this case, as hereinabove stated, the application for the writ was in the form expressly provided by section 2531, R. L. 1925. The motion is expressly based in part upon the record which is before us for examination. The record nowhere discloses that the decree has been fully satisfied and movants do not aver that it has been

so sàtisfied. Paraphrasing the opinion of this court upon the same question in *Ting* v. *Born,* 21 Haw. 638, 640: If, as a matter of fact, it had been so satisfied, this was a fact incumbent upon the defendants in error to show. They have not shown this fact and it does not otherwise appear. It cannot be assumed or imported into the record by presumption.

The circumstances of this case in the particulars last above recited are similar to those set forth in *In re Kakaako,* 30 Haw. 494. Upon reason and the authority of the two cases last above cited movants' sixth ground above quoted is not sufficient to warrant dismissal of the writ.

The motion is denied.

*P. Silver* (*F. E. Thompson* with him on the brief) for the motion.

*B. S. Ulrich* (*Ulrich & Hite* on the brief) contra.