## ELVIRA MAY McNALLY LORD AND MARY VIR-GINIA LORD *v.* EDMUND JOSEPH LORD, ET AL.

### No. 2386.

ARGUED MARCH 20, 1939.                    DECIDED APRIL 1, 1939.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE METZGER
IN PLACE OF PETERS, J., ABSENT.

OPINION OF THE COURT BY KEMP, J.

This is an interlocutory appeal from an order over-ruling the demurrers filed by various of the respondents and is prosecuted in the names of all of the respondents who demurred, except the respondent William Borthwick, tax commissioner of the Territory, whose demurrer was sustained and the bill dismissed as to him. None of the respondents who did not demur, except George Marion Lord and Rosemary Marion Lord, who filed answers in which they admitted the allegations of the bill and joined in the prayer of the bill, were served with a copy of the notice of appeal. None of the respondents who did not

demur, except the said George Marion Lord and Rosemary Marion Lord, have appeared in this court.

Upon this state of the record coming to the attention of the court, the court raised the question of its jurisdiction to hear this appeal without having before it those of the respondents who have neither joined in the appeal nor been served with a notice of the appeal. In determining that question the first, and probably the controlling, question is, was the order appealed from in this case rendered against any of the respondents who did not demur?

Prior to the enactment of Act 45, L. 1919, now section 3502, R. L. 1935, the rule established by the decisions of this court was to the effect that it is essential to the jurisdiction of an appellate court that the notice of appeal be served upon all parties to the litigation whose interest in the subject matter of the appeal would be adversely affected by a reversal or modification of the judgment, order or decree appealed from and that notice of the appeal need not, as a general rule, be served upon persons whose interest in the subject matter would not be so affected. Under that rule it seems clear that those respondents who, it is alleged, claim under the same right that the appellants claim would not be entitled to service of the notice of appeal. (*Robinson* v. *Kaae,* 22 Haw. 397; *Kealoha* v. *Halawa Plant'n.,* 24 Haw. 436; *Lufkin* v. *Grand Hotel Co.,* 24 Haw. 744.) The first of the above cases involved a writ of error, the second a bill of exceptions and the third an appeal.

The sole purpose of Act 45, L. 1919, is to prescribe the procedure for effecting a severance where less than the whole number of those against whom the judgment, order or decree was rendered joined in the appeal. It has no bearing upon the well-established rule that notice of appeal must be served upon those parties to the litigation

in whose favor the judgment, order or decree was rendered as, for instance, the petitioners in this case. That part of said Act which provides that any one of two or more persons against whom a decision, judgment, order or decree is rendered may appeal adds nothing to the law as theretofore established by the decisions of this court. That has always been the rule, and severance prior to the enactment of 1919 was effected very much in the same manner that said Act prescribes. That statute, however, for the first time definitely describes the class of litigants required to be served in order to effect a severance and requires that all of the litigants against whom the judgment, order or decree was rendered be served without regard to the effect of a reversal or modification upon their interest in the subject matter of the litigation. It seems to us, therefore, that the Act of 1919 does, to a certain extent, enlarge the class of persons to be served with the notice of appeal but it does not necessarily follow that the respondents who were not served with the notice of appeal in the instant case are required to be served in order to effect the severance. The severance is effected by service of the notice of appeal upon all of the nonappealing parties against whom the decision, judgment, order or decree was rendered. The statute permits, but does not require, those who prosecute the appeal to use the names of those who refuse to join in the appeal. The statute does, however, require the appellant to serve those of the parties to the cause not joining in the appeal against whom the decree was rendered with a copy of the notice of appeal. It is a compliance with that requirement of the statute which effects a severance.

We have reached the conclusion that those respondents who did not demur do not come within the description of the class of litigants to be served with a copy of the notice of appeal in order to effect a severance and that

therefore a severance has been effected in this case and that we have before us the necessary parties to enable us to hear and determine the issue.

We have refrained from citing the case of *Laupahoehoe S. Co.* v. *Lalakea*, 27 Haw. 682, for the reason that we are not prepared to go as far as the majority opinion in that case went. The dissenting opinion of Chief Justice Peters in that case leaves great doubt in our minds as to the correctness of the majority opinion.

*H. Edmondson* and *W. R. Ouderkirk* (*C. D. Pratt, L. Jenks, G. R. Corbett, D. C. Lewis, G. M. Nowell* and *J. P. Russell* adopting the argument of *H. Edmondson*) for certain of the respondents.