J. A. MAGOON, Administrator of the Estate of Chun Lung, deceased, *v.* S. AHMI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 2, 1897. DECIDED NOVEMBER 3, 1897.

JUDD, C.J., FREAR, J., AND CIRCUIT JUDGE PERRY, IN PLACE OF WHITING, J., DISQUALIFIED.

The appellate court may remand a bill of exceptions to the trial court for an amendment to supply an omission inadvertently made and grant a continuance for that purpose.

OPINION OF THE COURT BY JUDD, C.J.

This case was heard by a Circuit Judge of the First Circuit Court, the jury being waived. His opinion was filed, ordering judgment for plaintiff, on the 27th March, 1897, to which exception was taken by the defendant and a bill of exceptions duly filed and allowed by the court. The main ground of the bill is that the findings of fact are not sustained by the evidence. On the case being called in this court, counsel for plaintiff moved the court to dismiss the bill of exceptions on the ground that it did not make the evidence a part of the bill.

Counsel for defendant then moved this court that the case be continued for a reasonable time in which to apply to the Circuit Judge who allowed and certified the bill of exceptions for leave to amend the same by inserting therein reference to the stenographer's notes of evidence taken at the trial and by incorporating the same in the bill, on the ground that the stenographer's notes were not transcribed, until some months after

the filing of the bill of exceptions and the reference thereto and the embodiment therein of the same were omitted through inadvertence, and that such an amendment would be consistent with interests of justice.

We grant plaintiff's motion. The general rule is that "the court to which the appeal is taken has no power to amend the record." "Defects in the record are only amendable in the court in which the trial proceedings took place." *Cluck v. State*, 40 Ind. 263; 3 Encyc. Pl. & Pr. 502.

If however the defect in the bill or in the names of the parties is clearly amendable by what appears of record, the appellate court may permit the amendment. *Id.* 503.

"The case will be continued in the appellate court to allow the amendment to be made." *Id.* 503 and cases cited.

We have to act upon the record as we find it. The appellee should have an opportunity to present his motion for an amendment to the only court which can act upon it.

*Lefferts v. State*, 49 N. J. L. 26, and *Harris v. Tomlinson*, 130 Ind. 426, are cases where bills of exceptions were held to be amendable where necessary averments were omitted by inadvertence.

*Kinney & Ballou*, for plaintiff.
*Thurston & Stanley*, for defendant.