# KAPIOLANI ESTATE, LIMITED, *v.* L. A. THURSTON.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 3, 1904.     DECIDED OCTOBER 7, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

A bill of exceptions cannot be amended by incorporating therein entirely new exceptions after the time prescribed by statute for incorporating the exceptions in the bill, even though it may be amended so as to make exceptions previously incorporated therein available.

OPINION OF THE COURT BY FREAR, C.J.

The defendant moves that the record be remitted to the Circuit Court in order that he may apply there for an amendment of his bill of exceptions, and that the case be continued in this court until the amendment is made and the record returned.

The case was tried September 8, 1903. Judgment was entered September 24, 1904. A motion for a new trial was made September 25, 1903. That was denied. The bill of exceptions, containing sixteen exceptions relative to the admission or rejection of evidence, was filed and allowed March 21, 1904, an extension of time having been obtained as permitted in the statute. The motion now made was filed August 26, 1904. The amendment proposed is the insertion of an exception to the admission of certain evidence, an exception to the refusal to give certain instructions and to the giving of certain other instructions, an exception to the verdict and an exception to the overruling of the motion for a new trial. Affidavits are filed to show that a page which had been prepared containing these exceptions was omitted by mistake from the bill as presented to and allowed by the judge and from the copy served on opposing counsel.

The statute as amended (Laws of 1903, Act 32, Sec. 18) requires exceptions, for the purposes of review on exceptions in this court, to be incorporated in a bill of exceptions and presented to the judge within twenty days after final judgment or such further time as may be allowed by the judge. It is obvious that the exceptions in question can not now be incorporated in a bill or presented or allowed within the time limited, for the twenty days have elapsed and "further time" has not been allowed and is not now allowable. *Kapiolani Estate v. Peck,* 14 Haw. 580.

The statute on amendments as amended (Laws of 1903, Act 78) is, it is true, very liberal. It permits amendments "at the trial or on appeal, or at any other stage, before or after judgment" not only "of any petition or pleading or process" but of any "proceeding," in certain enumerated ways "or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleadings or the proceeding to the facts proved." But does it permit amendments of bills of exceptions by incorporating therein entirely new exceptions? If so, it is in direct

conflict with the statute above referred to which requires the exceptions, in order to be thus considered by this court, to be incorporated in the bill within a specified time, which has now elapsed. Authorities elsewhere are somewhat divided as to the extent to which bills of exceptions may be amended after the expiration of the time allowed by law for filing them. The Supreme Court of the United States takes a rather strict view. *Michigan Ins. Bank v. Eldred,* 143 U. S. 293. Our own court has taken the view, which is held by many other courts, that a bill of exceptions may be amended in such a way as to make the exceptions already incorporated available, as by making the transcript of the evidence a part of the bill by reference thereto. *Magoon v. Ahmi,* 11 Haw. 233. That, however, is very different from allowing entirely new exceptions to be incorporated in the bill. The object of an amendment is to perfect what already exists in an imperfect state, not to create or originate something entirely new. The statute on amendments carries out this idea, for it allows the insertion of allegations material to the case, that is, the case already presented, and contemplates that the amendment shall not substantially change the claim or defense. A bill of exceptions can not after the time limited be amended by incorporating entirely new exceptions, so as to make a different case for this court, although it may be amended to a greater or less extent so as to make available the exceptions incorporated in it within the prescribed time.

Since the proposed amendment could not properly be made if the record should be remitted to the trial court, the motion to remit the record and continue the case until the record is returned is denied.

*Kinney, McClanahan & Cooper* and *S. H. Derby* for plaintiff. *Castle & Withington* for defendant.