# TERRITORY OF HAWAII, BY C. S. HOLLOWAY, SUPERINTENDENT OF PUBLIC WORKS, *v.* E. J. COTTON, C. E. COTTON AND JAMES B. AGASSIZ, PARTNERS UNDER THE NAME OF COTTON BROS. & CO.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JUNE 9, 1906.            DECIDED JULY 10, 1906.

FREAR, C.J., WILDER, J., AND CIRCUIT JUDGE DE BOLT
IN PLACE OF HARTWELL, J.

EXCEPTION TO VERDICT—*statement as to time when taken.*

A statement in a bill of exceptions that an exception to the verdict was taken at the time of its rendition is sufficient to show that it was taken in the presence of the jury and before its discharge.

EXCEPTIONS—*should be incorporated in bill.*

A statement in a bill of exceptions to the effect that various exceptions were taken during the trial as will appear by the transcript, when made, of the stenographer's notes, is insufficient. The exceptions should be set forth in the bill itself.

BILL OF EXCEPTIONS—*amendment of.*

A bill of exceptions cannot be amended by inserting additional exceptions in it after the time prescribed by statute for the incorporation of exceptions in a bill and the presentation thereof to the judge.

The defendants moved for a new trial in the circuit court and, for the purpose of saving their rights as they contend, filed also a short bill of exceptions referring for most of the exceptions to the transcript of the stenographer's notes, which had not then been prepared, and obtained an extension of time until ten days after filing the transcript in which to file a further bill of exceptions specifying all exceptions shown by the transcript to have been taken and allowed. The motion for a new trial, however, was granted, several terms afterward, and therefore the defendants, thinking that they would not need the bill of exceptions, did nothing further in regard to it until recently when the order granting a new trial was reversed by this court on error brought by the plaintiff. See decisions ante, pp. 374, 445. They then moved the lower court, at the sixth term and nearly two years after the bill was filed, for leave to amend the bill of exceptions, which motion was granted and the bill, as amended extensively, was allowed. The plaintiff now moves in this court to dismiss the bill so allowed on eight grounds, which it condenses in its brief into three, each of which will be considered.

1. "That the original bill of exceptions was not presented to the trial judge within the time prescribed by law." The time prescribed is twenty days after final judgment or such further time as may be allowed. R. L., Sec. 1864. The verdict was rendered May 27, 1904, judgment was entered June 7, 1904, the bill was filed June 8, 1904, and the evidence, particularly the testimony and affidavits of the trial judge and the defendants' attorney, show clearly that it was presented to the judge by the attorney probably on that date but at any rate before June 15, and therefore within the prescribed time.

2. "That neither by incorporation nor reference are the record, pleadings, exhibits, transcript or judgment made a part of the original bill of exceptions." The bill states that "the pleadings, exhibits and transcript of the record are hereby

referred to and made part of this bill of exceptions." If the words "transcript of the record" in this statement may be construed "transcript of the evidence," as we think it properly may be, the statement is sufficient, at least in so far as the exception to the verdict is concerned, which alone need be considered, as will presently appear. If the statement were not sufficient it perhaps would be amendable so as to be made sufficient, as it is in the amended bill now before us, under the decisions in *Magoon v. Ahmi,* 11 Haw. 233, and *Kapiolani Estate v. Thurston,* 16 Haw. 147. No question is raised by the plaintiff as to whether the transcript, not being actually attached to the bill, is sufficiently identified. See *Aylett v. Keaweamahi,* 8 Haw. 320.

3. "That the original bill of exceptions does not contain any legal, valid or proper exception." The exceptions, as set forth in the bill, are divided into two classes, namely, the exception to the verdict, which is covered by one statement, and all other exceptions, which are covered by another statement. The statement in regard to the exception to the verdict is substantially the same in the original bill and the amended bill and reads as follows: "At the time of the rendition of said verdict, to wit, May 26 [27], A. D. 1904, the defendants excepted to the verdict as contrary to law and the evidence." The objection now made to this is that it does not appear from the bill that this exception was taken, as is claimed to be required by practice or rule of court, in the presence of the jury and before the jury was discharged. In our opinion this does appear from the statement in the bill that the exception was taken at the time of the rendition of the verdict.

The statement in the bill in regard to the other exceptions is as follows: "During the trial of the cause certain exceptions were taken by the defendants to rulings of the court upon evidence, and also to the giving of certain instructions at the plaintiff's request, as well as to the refusal to give certain instructions requested by the defendants, or to giving the same in a modified form; all of which said exceptions were duly taken and allowed

and appear on the transcript of the record made from the stenographer's notes at the trial." This when condensed is simply a statement that during the trial certain exceptions were taken and allowed, as will appear by the transcript, when made, of the stenographer's notes, and, as repeatedly held, does not amount to a statement or incorporation of the exceptions in the bill. See *Arruda v. Morton*, ante, p. 126, and cases there cited. A bill cannot be amended by incorporating therein new exceptions after the time prescribed by statute even though it may be amended so as to make exceptions already incorporated therein available. *Kapiolani Estate v. Thurston*, supra. The time allowed by the statute above cited for incorporating exceptions in the bill, as well as for presentation of the bill to the trial judge, is twenty days after final judgment or such further time as may be allowed. In this case, as already shown, further time was allowed until ten days after the filing of the transcript, but no attempt to amend was made within that time. Afterwards time for filing a bill was extended by the judge in pursuance of a stipulation of the parties until ten days after the decision of the court on the motion for a new trial. That time also elapsed without any attempt to amend the bill. It is true, as contended by the defendants, that the motion to amend the bill was made within ten days after this court's reversal of the order for a new trial, but, as we construe the stipulation and order for the extension of time within which to file a bill of exceptions, they referred to the decision of the trial court upon the motion for a new trial and not to the decision of this court reversing that decision. We hold, therefore, that the bill was not amendable, at the time an attempt was made to amend it, so as to have incorporated in it the exceptions other than that taken to the verdict.

The result is that the exceptions other than that to the verdict cannot be considered, but that, since the exception to the verdict can be considered, the motion to dismiss the bill must be denied, and it is so ordered.

*E. C. Peters, Attorney General,* for plaintiff.

*S. H. Derby (Kinney, McClanahan & Derby* on the brief), for defendants.