SOLOMON KAUHANE, HARRY KAUHANE, KAPEKA KAUHANE, WAIMAHUI KAUHANE AND KA-MAUKEALII KAUHANE, MINORS, BY THEIR GUARDIAN, HENRY SMITH, AND KAPEKA BAKER v. WILLIAM LAA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JULY 16, 1909.                DECIDED JULY 19, 1909.

HARTWELL, C.J., WILDER AND PERRY, JJ.

EXCEPTIONS, BILL OF—*extension of time for.*

An extension of time for filing a bill of exceptions can be validly granted only within the time allowed by statute or within any prior extension of time.

The ruling on a motion for a new trial does not suspend the judgment or operate as an extension of time within which to incorporate in a bill exceptions otherwise barred.

ID.—*Dismissal of bill.*

If one or more exceptions are properly incorporated in the bill and presented in time, neither the bill nor the remaining exceptions can be dismissed.

EVIDENCE—*sufficient to support verdict.*

The evidence in this case held sufficient to support the verdict.

OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit for money had and received being the rentals of certain lands alleged to have been collected by the defendant. The verdict was for the plaintiffs for $320 and interest. Defendant brings a number of exceptions.

Upon the case being placed on the calendar plaintiffs moved "that the bill of exceptions * * * and all of the exceptions therein contained save exception No. 17 * * * be dismissed by the court," on the ground that "said exceptions with the exception of No. 17 aforesaid" were not filed, presented and allowed within the time prescribed by law. The circumstances are these: Defendant's motion for a new trial was filed March 17, 1909, and argued and denied on April 19, 1909. On April 27, 1909, and not until then, the time for filing and presenting a bill of exceptions was extended until twenty days after the receipt by the defendant of a transcript of the evidence from the official stenographer. Exception No. 17 is to the denial of the motion for a new trial. Exception No. 18 is to a ruling made March 22, 1909, in taxation of costs. The remaining exceptions are to the verdict and to rulings made during the trial. Sec. 1864, R. L., as amended provides that exceptions may be incorporated in a bill only "within twenty days after verdict * * * or in the case of exceptions taken subsequently to verdict * * * after the opinion, direction, ruling or order to which said exceptions were taken or such further time as may be allowed by the judge." It is settled that such an extension of time to be valid must be granted within the time allowed by the statute or within any prior extension of time. *Kapiolani Estate v. Peck & Co.*, 14 Haw. 580, 582; *Kapiolani Estate v. Thurston*, 16 Haw. 147, 148. It is also settled, however, that if one or more exceptions are properly incorporated in the bill and presented to the judge within the time allowed by law the bill cannot be dismissed. *Harrison v. Magoon*, 16 Haw. 169, 172; *Territory v. Cotton Bros.*, 17 Haw 608, 611. We do not care to adopt, as we are requested to do by the plaintiffs, the practice of *dismissing* in limine, as distinguished from *overruling*, some only of the exceptions contained in the bill. The appellee in such cases is sufficiently pro-

tected by the refusal of the court at the proper time to consider the exceptions which were not incorporated in the bill, presented or allowed within the time required by law. Exception No. 17, it is admitted, was properly incorporated in this bill and was presented and allowed in time (see *Harrison v. Magoon,* supra, pp. 172, 173) and must, in so far as this preliminary objection is concerned, receive consideration on its merits. For these reasons the motion to dismiss was denied.

The only exception which was presented within the time required by law is that which was taken from the dismissal of the motion for a new trial. *Harrison v. Magoon,* supra, pp. 332, 334. "The remaining exceptions which were taken to rulings during the trial" and to the order concerning the taxation of costs, "were not 'incorporated in the bill of exceptions and presented to the judge' 'within twenty days after verdict or such further time as may be allowed by the judge,' as required by the statute * * *. The motion for a new trial * * * did not suspend the judgment or operate as an extension of time within which to incorporate such exceptions in the bill or to present the same to a judge." Id. 334.

The motion for a new trial was based on the grounds (1) that the verdict is contrary to law and the evidence, (2) that the instructions given are contrary to law, and (3) that the court erred in refusing to give "many of the instructions asked by the defendant." Some of the questions arising under this motion have not been referred to in appellant's brief and must be deemed to have been abandoned.

The land which yielded the rents in controversy was awarded by patent to one Nakaikuana, also called in the evidence Kaikuana. The patentee died about 1853, leaving surviving him a brother, Hao, and no issue. Hao in turn left surviving him Pelani, his widow, and three children, Solomon Kauhane, Haui, also called Haui Opio, and Laa the defendant. In 1880 Solomon Kauhane conveyed all of his interest in the land

to Pelani. Haui Opio died in 1885. Subsequently Pelani executed a deed of all of her interest to Kauhane. The lease under which the rents in question accrued was executed by Pelani while she held the title to a portion of the land. The minor plaintiffs are the children, and Kapeka Baker the widow, of Solomon Kauhane. The foregoing facts are practically undisputed on the evidence. On the issue whether Haui Opio died before or after reaching the age of majority the evidence is conflicting, but there is clearly sufficient evidence to justify the finding, which was evidently made by the jury, that he was of age, in which event his interest passed to his mother Pelani as his sole heir. The jury could also have well found that Kaikuana did not leave a widow and that his parents died before him. Upon the questions whether Kaikuana, the patentee, had another brother, Haui, whether Haui died before or after the patentee, and whether he was ever married, the evidence is in a confused and, to our minds, somewhat unsatisfactory state. The testimony on this point came from witnesses whose recollection, apparently, was vague and uncertain or who were not adhering strictly to the truth in all that they said. The state of the evidence, however, was such as to support the finding, which the verdict shows must have been made by the jury, either that Haui, Sr., was not the brother of Kaikuana or, if he was, that he died before the patentee and left no issue or that he was never married, in which latter event it would be immaterial whether he died before or after Kaikuana. On any of these theories the plaintiffs would be entitled to recover two-thirds of all of the rents collected by the defendant during the period in controversy, which is what the jury awarded.

Referring to the second point presented by the defendant in his brief, there was sufficient evidence to support the finding that the defendant actually received the moneys alleged to have been collected by him. It is true that there was also

evidence tending to show that a part of the money, while receipted for by him, had been paid by the lessee not to him but to Pelani, but as has been repeatedly held by this court where the evidence is thus conflicting the question is one solely for the jury. Defendant further contends that the court erred in instructing the jury that "in the absence of evidence of any claim to the land in question by the heirs' of Haui or Ohao, you will be justified for the purposes of this case in concluding that the occupancy of the land in question by the widow of Hao, Pelani, and her children, was through claim of title as heirs of Hao." This question is not properly before us as the second ground of the motion for a new trial is too general. So, also, is the third ground of the motion. See *Harrison v. Magoon,* 16 Haw. 332. 334, 335. It may be added, however, that none of the other instructions given are set forth in the record and that it is impossible to say under the circumstances that in giving this instruction any error was committed. The instruction may well have been harmless, if not correct.

Defendant further contends that Pelani's deed to Solomon Kauhane was not delivered and that, even if delivered, it was not operative to convey Pelani's interest as heir of Haui Opio. The evidence was clearly sufficient to support a finding of delivery. In the deed Pelani conveys "all of my interest of whatsoever nature or kind in law and in equity, in and to all of the lands and other properties of my former deceased husband Hao (k) situate in the district of Ewa aforesaid or in any other part perhaps of the Hawaiian Islands aforesaid." As appears from what has been already stated, the jury must have found that Hao at his death held the whole title to the land. The grantor's intention to convey *all* of her interest in that land, from whatever source derived, is clearly expressed in the language above quoted, in spite of the omission to refer specifically to the interest inherited from Haui Opio in the

later clause, "being the interest obtained by me as the widow of said Hao (k) and by virtue of a certain deed from said Solomon Kauhane (k) recorded in the registry office of the government in Honolulu aforesaid in Book 68, pp. 475 and 476."

The exceptions are overruled.

*W. W. Thayer* for plaintiffs.

*W. C. Achi* for defendant.