## TERRITORY *v.* PABLO MANLAPIT AND CECILIO BASAN.

### No. 1604.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT. HON. J. J. BANKS, JUDGE.

ARGUED MAY 20, 21, 1925.                    DECIDED MAY 29, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

EXCEPTIONS—*presentment for allowance.*

A trial judge cannot, after the expiration of the time allowed by the statute or prior extensions, allow a further extension of time within which to present a bill of exceptions.

STATUTES—*sections 19 and 20, R. L. 1925.*

When a trial judge allows a party "up to and including" a date within which to present his bill of exceptions and the last day within such period falls on a Sunday, the trial judge cannot, on the following day, allow a further extension of time.

OPINION OF THE COURT BY LINDSAY, J.

Defendants upon trial under an indictment for the crime of conspiracy in the first degree were convicted. The case comes here on exceptions prosecuted solely on behalf of the defendant Manlapit, the other defendant having withdrawn his appeal.

It is insisted by the prosecution that the exceptions should not be considered, for the reason that the bill of exceptions was not presented within the period allowed by statute or an extension thereof allowed by the trial judge.

The record shows that the defendant was allowed by the trial judge "up to and including the 30th day of November, 1924," in which to file his bill of exceptions. Defendant failed to present his bill of exceptions within

the period allowed. Neither did he secure any further extension of time than the time allowed by statute or prior extension. On December 1, 1924, defendant presented and the trial judge signed an order for an extension until December 31, 1924.

This court has uniformly held that a trial judge cannot, after the expiration of the time allowed by the statute or prior extension, allow a further extension of time within which to present a bill of exceptions. *Kapiolani Estate* v. *Peck & Co.*, 14 Haw. 580. It is contended, however, by defendant that, although he was granted up to and including the 30th day of November within which to present his bill of exceptions and he did not secure a further extension until the following day, he was not too late in securing such further extension, for the reason that the 30th day of November fell on a Sunday and, therefore, under the law applicable, he was entitled to an additional day in which to apply for a further extension of time. In support of this contention defendant directs our attention to sections 19 and 20, R. L. 1925, which read:

"Sec. 19. Computation of time. The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a Sunday or holiday and then it is also excluded.

"Sec. 20. Certain acts not to be done on holidays. Whenever any act of a secular nature other than a work of necessity or mercy is appointed by law or contract to be performed upon a particular day which day falls upon a Sunday or holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed."

The sections quoted are not authority for the contention of defendant. Under section 2515, R. L. 1925, a party alleging exceptions to a ruling or order is required to present the same for allowance within ten days after such ruling or order. If, within ten days, the party

applies therefor, the trial judge may, in his discretion, allow the applicant further time. In the instant case the trial judge, in his discretion allowed defendant a specific time, namely, *up to and including November 30*—no longer—in which to present his bill of exceptions. On November 30 the additional time which had been allowed defendant expired, and nothing in the sections quoted can be construed as adding to or increasing the time allowed by the trial judge.

The request for an extension of time within which to present his bill of exceptions having been made too late by defendant, his alleged bill of exceptions may not be considered by this court. Although we entertain no doubt of our position in refusing to consider defendant's bill of exceptions we may remark that we have carefully examined all of the exceptions urged and find them without merit.

The exceptions are overruled.

*H. E. Stafford* (*W. H. Heen,* City and County Attorney, on the brief) for the Territory.

*W. B. Pittman* (*C. K. Quinn* and *Carrick H. Buck* with him on the briefs) for defendant-appellant.