TENAN TABA *v.* M. R. JARDIN, J. C. JERVES, FRANK MEDEIROS, COPARTNERS, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF KAUAI MODERN BAKERY, AND LOUIS ROBELLO.

No. 1806.

ARGUED MARCH 14. 1928.          DECIDED MARCH 16, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action at law for the recovery of damages resulting from the alleged negligence of the defendants' servant. The jury rendered a verdict for the plaintiff on September 7, 1927. On September 14, the defendants applied to the trial judge for an extension of the time allowed by the statute for the presentation of a bill of exceptions and submitted a form of order in writing for his signature. The presiding judge, upon the application being so made, "informed counsel that the request was proper and would be allowed but that owing to the fact

that the court reporter had already been requested to prepare a transcript which might be finished any day" he "would have" his "clerks watch the time and approve the written request with a definite extension without any further necessity on the part of counsel, residing on Kauai, to attend to the same;" but owing, in the language of the judge's certificate, "entirely to the oversight and neglect" of the judge, the written order was not signed until October 29, 1927. The trial judge certifies that "the oral assurances of this court, given to counsel in person on September 14, 1927, amounted, in the judgment of this court, to an oral allowance as of September 14, 1927, of appellants' request for an extension of time to file a bill of exceptions within the meaning of the statute and that the bill now presented has been presented within the time allowed by order of this court." On October 29, a written order was signed by the trial judge granting to the defendants "until November 30th, 1927, within which to prepare and present" their bill of exceptions. On November 30, the bill was presented to the judge for allowance and was allowed by him on January 11, 1928.

In this court the appellee moves to dismiss the bill of exceptions on the grounds, first, that it was not filed, presented and allowed within the time provided by law, and, second, that the "objections upon the matters set forth" in the bill of exceptions are frivolous. The argument in support of the motion is that the written order of October 29, purporting to extend the time for presenting the bill, was not made within the original twenty days allowed by statute (Sec. 2515, R. L. 1925) from the date of the verdict, and that the alleged extension of September 14 was invalid and ineffective for the purpose because it was not in writing.

On September 28, 1927, the defendants filed a motion in arrest of judgment, based upon alleged defects in the plaintiff's declaration, and on October 5, 1927, the plain-

tiff filed a motion for leave to amend the declaration so as to avoid the force of the motion in arrest of judgment. On October 22, the trial judge filed his decision in writing, denying the motion in arrest and granting the motion for leave to amend, and on October 29 written exceptions to these rulings of October 22 were filed by the defendants and allowed by the presiding judge. Section 2515, R. L. 1925, relating to exceptions and bills of exceptions, provides *inter alia* that a bill incorporating exceptions noted to rulings made after verdict may be presented to the judge within twenty days after the date of the ruling excepted to. The rulings denying the motion in arrest and granting leave to amend the declaration having been made on October 22, the written order of October 29 was made and filed within the twenty days allowed by statute and is effective at least as far as these two exceptions are concerned and operated to grant to the appellants until and including November 30, 1927, as the time within which the bill of exceptions could be presented. The bill was presented as above noted on November 30, within the extended time thus allowed. It is clear, therefore, that as far as these two exceptions at least are concerned the bill cannot be dismissed on the ground that it was presented too late. It is settled in this jurisdiction "that if one or more exceptions are properly incorporated in the bill and presented to the judge within the time allowed by law," or any valid extension thereof, "the bill cannot be dismissed." *Kauhane* v. *Laa,* 19 Haw. 526, 527. See also the cases there cited of *Harrison* v. *Magoon,* 16 Haw. 170, 172, and *Territory* v. *Cotton Bros.,* 17 Haw. 608, 611. In the *Kauhane* case the court further said: "We do not care to adopt, as we are requested to do by the plaintiffs, the practice of dismissing *in limine,* as distinguished from overruling, some only of the exceptions contained in the bill. The appellee in such cases is sufficiently protected by the refusal of the court at the proper time to consider

the exceptions which were not incorporated in the bill, presented or allowed within the time required by law." Likewise, in the case at bar we prefer not to consider at this time whether the oral extension of September 14, 1927, was valid. That question can be determined, if necessary, at the final hearing of the exceptions. The bill contains six exceptions. Numbers 5 and 6 are those above referred to which were noted to the denial of the motion in arrest of judgment and the granting of leave to amend. Number 1 is to the overruling of the defendants' demurrer which, like the motion in arrest, attacked the sufficiency of the declaration. Numbers 2, 3 and 4 have been expressly abandoned. It may yet be found unnecessary to consider number 1.

So, also, the question whether the exceptions, or any of them, are frivolous can be better determined after full consideration of the exceptions on the briefs and on such oral arguments as may be presented.

The motion to dismiss the bill of exceptions is denied.