KIM CHUL SOON *v.* THE CITY AND COUNTY OF HONOLULU.

No. 1991.

Argued May 18, 1931.                    Decided June 4, 1931.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a motion by the plaintiff to dismiss the defendant's bill of exceptions on the ground that it was not presented to the trial judge within the time provided by section 2515, R. L. 1925. The defendant admits that the bill was not presented within the statutory period and also admits that its failure to do so was due solely to a misapprehension of the law on the part of Hoon Wo Wong, a deputy city and county attorney, who represented the defendant. Subsequent to the expiration of the statutory period the bill was presented and was signed by the judge and transmitted to this court as a part of the record of the case.

On March 5, 1931, H. E. Stafford, attorney of record for plaintiff, filed a suggestion of diminution of the record and a written stipulation was entered into that the matters referred to in the suggestion should be supplied by the clerk of the lower court and this was accordingly done. It is expressly provided in this stipulation that it was made "without a waiver of any rights of either party of any matter pertaining to this cause."

The instant motion was filed on April 30, 1931. Hoon Wo Wong, who appeared on behalf of the defendant, filed the following affidavit: "Hoon Wo Wong, being first duly sworn according to law on his oath, deposes and says: That he is a duly appointed, qualified and acting deputy city and county attorney; that he is the attorney of record for the defendant in the case of Kim Chul Soon v. The City and County of Honolulu, Law No. 12476 (No. 1991 in this court); that on the 5th day of March, 1931, H. E. Stafford, Esquire, counsel for plaintiff, appeared in the office of affiant with a written stipulation purporting to complete the record of the proceedings in the lower court; that before signing said stipulation affiant specifically inquired whether counsel was

relying on any legal technicality to prevent this court from passing on the merit of the case on appeal; that counsel assured affiant that he had no intention to stop this court from passing on the matter at issue and was interested only in getting all of the record up to this court; that upon that assurance affiant affixed his signature on said stipulation; that on April 30, 1931, when counsel served a copy of motion to strike bill of exceptions from the record, affiant reminded counsel of his statement of March 5, 1931, to the effect that he was not relying on any legal technicality to prevent this court from passing on the merit of the case, counsel replied that in view of the fact that plaintiff is now in the insane asylum he could not forego any of his rights in the premises * * * ."

H. E. Stafford, counsel for plaintiff, also filed an affidavit in which he substantially admitted the truth of Wong's affidavit.

It has been so often decided by this court that the provisions of the statute regarding the time within which a bill of exceptions is required to be presented to the circuit judge are mandatory and must be punctiliously complied with if the bill is to have any validity that the question is no longer an open one. See *Kapiolani Estate* v. *Peck & Co.*, 14 Haw. 580; *Kapiolani Estate* v. *Thurston*, 16 Haw. 148; *Harrison* v. *Magoon, Id.*, 170; *Territory* v. *Cotton Bros.*, 17 Haw. 374; *Kauhane* v. *Laa*, 19 Haw. 526; *Territory* v. *Manlapit*, 28 Haw. 455. So firmly has this court adhered to the rule that in the *Manlapit* case it was held that when a bill of exceptions was not presented within the time allowed by an extension granted by the judge the judge had no power to grant a further extension on Monday although the time allowed by the first extension expired on Sunday and that a purported bill signed by the judge within the time allowed by the

later extension was without validity and must be stricken. The court said: "The request for an extension of time within which to present his bill of exceptions having been made too late by defendant, his alleged bill of exceptions may not be considered by this court."

The defendant contends that the instant motion should not be governed by the rule announced in the cases referred to for the reason that the plaintiff, because of the statements made to Wong by Stafford at the time the stipulation regarding the diminution of the record was signed, is estopped from claiming that the bill of exceptions was not presented to the circuit judge within the time provided by the statute.

More elaborately stated, the contention is that when Wong inquired of Stafford whether he was relying on any legal technicality to prevent this court from passing on the merits of the case on appeal and was assured by Stafford that he had no such intention, Wong, in reliance upon Stafford's assurance, allowed the period of six months within which under section 2521, R. L. 1925, he could have sued out a writ of error to expire and therefore if the instant motion is sustained defendant will be without any appellate remedy. This contention would be more appealing, at least from an ethical point of view, if Wong, at the time Stafford made the statement to him, had known that he had not complied with the law regarding the time within which a bill of exceptions must be presented to the judge. If under such circumstances Wong had been deceived by Stafford into believing that no advantage would be taken of his failure to comply with the statute and acting on this belief had allowed the time for suing out a writ of error to expire there would be a strong moral reason for thinking that Stafford's client ought not to be permitted to take advantage of the wrong perpetrated by his attorney. But this is

not the case. Wong, at the time Stafford made the statement to him, was still under the erroneous belief that the bill of exceptions had been presented in time and he remained under this belief until the instant motion was filed, which was after the period for a writ of error had expired. There is nothing to indicate that this belief was engendered by anything Stafford had done or said. On the contrary, as we have already seen, the stipulation regarding the diminution of the record contained the express provision that it was made without waiver of any rights by either party of any matter pertaining to the cause. Stafford was certainly under no duty to inform Wong of the defect in his purported bill of exceptions. How, therefore, can it be said that Wong was entrapped into foregoing a remedy which he might otherwise have pursued when he already believed that the remedy he had adopted was sufficient? His position is just the same as it would have been if Stafford had said nothing. Whether Stafford's statement was influential in preventing Wong from discovering the futility of the purported bill of exceptions is mere surmise. He had not discovered it . from November 19, 1930, the date when he presented it, up to the time Stafford made the statement to him in March, 1931, and did not discover it until his attention was specifically called to it by the filing of the instant motion on April 30, 1931.

The defendant seems to be in the same position as was the defendant in *Kapiolani Estate* v. *Peck & Co., supra.* In that case the time for presenting a bill of exceptions was allowed by the defendant against whom judgment had been entered to expire without any action on his part. After the expiration of this time it was stipulated by the parties, with the approval of the judge, that the defendant might complete his bill of exceptions within the period mentioned in the stipulation. It was assumed by this

court that the bill was allowed and signed by the judge within this period. The plaintiff's motion to dismiss the cause on the ground that no bill of exceptions had been signed by the judge within the time provided by statute was sustained. This motion, as in the case at bar, was made after the expiration of the time for suing out a writ of error. The defendant contended, as does the defendant here, that the plaintiff was estopped by the stipulation from attacking the validity of the bill. The court, however, very tersely and very conclusively disposed of the contention by saying (p. 583) : "The plaintiff is not estopped by this stipulation from claiming that the allowance of the bill is invalid. The defendant's right to present his exceptions was not lost by reason of that stipulation but had been lost prior thereto." So in the instant case, the defendant's right to present its bill of exceptions was not lost by reason of what Stafford said to Wong but had been lost long before that time.

If the requirement of the statute that a bill of exceptions must be presented to the judge within a specific time were the requirement of something merely modal and formal in its nature it could, under *Ayers* v. *Watson,* 113 U. S. 594, be waived. This, however, is not the nature of the requirement. Unless the bill is presented within the time prescribed the *power* of the court to approve and sign it is lost. This is decided in the *Kapiolani Estate* case. The court said (pp. 582, 583) : "In our opinion, the final clause of this section does not authorize the judge to grant, after the expiration of the ten days or of any prior extension of time, an additional period within which to present the bill. He is empowered to allow a bill only if it is presented during the term or within ten days thereafter, although he may allow further time for its presentation; but if an extension has not in the meantime been allowed how does the case stand at or

immediately after the expiration of the ten days? Is not the power then exhausted and is not the time for presenting the bill at an end? We think both questions must be answered in the affirmative. If not, what is it that has extended the time and what that has kept the power alive? In this case, the ten days expired not later than November 7, 1901. In the interval between that day and November 20th following, did the defendant have any right to file a bill of exceptions? We think clearly not; and all that the statute authorizes is an *extension* of time or an allowance of *further* time, and not the granting of a *new* right of appeal or a re-vesting of an old right once lost. If the extension attempted in this case is valid so would a similar one be which is given six months or a year after the expiration of the ten days. We cannot believe that it was the intention of the legislature to authorize such a procedure. The mere consent of the parties could not, of course, confer jurisdiction when none otherwise existed."

The distinction between what is merely modal or formal and what by lapse of time affects the power of the court to act is clearly shown in *United States* v. *Mayer,* 235 U. S. 55. The essential facts in that case were that on March 14, 1913, Albert Freeman was convicted in the district court of the southern district of New York for violation of statutes relating to the use of the mails and a judgment of conviction was duly entered and sentence imposed. On January 12, 1914, after the term of the court in which he was convicted had expired Freeman moved to set aside the judgment of conviction and for a new trial on grounds set out in his application. Upon the hearing the district judge raised the question of the jurisdiction of the district court to entertain the motion in view of the fact that the term had expired. The United States attorney submitted a

26

memorandum tendering his consent that the application be heard upon the merits. The application was thereupon heard and the district judge handed down his decision granting a new trial. No formal order, however, vacating the judgment of conviction and granting a new trial was entered, the district judge having filed a memorandum stating in substance that as the question of jurisdiction was an important one the order would be withheld until the United States attorney had an opportunity to raise the question in a higher court. Thereafter the United States attorney procured an order in the circuit court of appeals directing the district judge to show cause why a writ of prohibition should not be issued from that court forbidding the entry of an order vacating the judgment of conviction. The question of the district court's jurisdiction to enter the order finally reached the Supreme Court of the United States where it was held that the district court was without power to entertain the application to set aside the judgment granting a new trial after the expiration of the term, the court saying (p. 70 of the opinion) : "As the district court was without power to entertain the application, the consent of the United States attorney was unavailing. * * * It is argued, in substance, that while consent cannot give jurisdiction over the subject matter, restrictions as to place, time, etc., can be waived. * * * *Ayers* v. *Watson,* 113 U. S. 594, 598. * * * This consideration is without pertinency here, for there was no general jurisdiction over the subject matter, and it is not a question of the waiver of mere 'modal or formal' requirements, of mere private right or personal privilege. * * * In these circumstances it would seem to be clear that the consent of the prosecuting officer could not alter the case; he was not a dispensing power to give or withhold jurisdiction. The established rule embodies the policy of the law that litigation be finally terminated, and when

the matter is thus placed beyond the discretion of the court it is not confided to the discretion of the prosecutor."

The circuit judge in the instant case had no more power to sign the bill of exceptions after the lapse of the statutory period than had the district judge in New York to entertain an application to set aside a judgment of conviction after the lapse of the term at which the judgment was entered. In both cases time was of the essence of the judge's power and it was not a "modal or formal" matter which could be waived.

Even if Stafford had gone farther than he did and had stipulated in writing that he would take no advantage of Wong's failure to present a bill of exceptions within the statutory period such stipulation would have been powerless to confer jurisdiction upon this court to hear the case on exceptions.

The motion is granted.

*H. E. Stafford* (also on the brief) for the motion.

*Hoon Wo Wong,* Deputy City and County Attorney (*J. F. Gilliland,* City and County Attorney, with him on the brief), contra.