## TERRITORY *v.* JOSEPH YOUNG, ALSO KNOWN AS JOE BLACK.

### No. 2069.

ARGUED OCTOBER 6, 1932.        DECIDED OCTOBER 10, 1932.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a motion to dismiss a writ of error and the several assignments of error and to affirm the judgment of the court below. The first three grounds of the motion are, in effect, that all the assignments of error are so vague and indefinite that they do not sufficiently inform the court and opposing counsel of the errors alleged to have been committed. The sufficiency of certain assignments that are designated by number is attacked on similar grounds and still others are attacked on more specific grounds. We are of the opinion that the motion is aimed at the writ of error as a whole and at the assignments of error as a whole and is not a motion to strike from the record any particular assignments. The very language of the motion confirms this view. It is as follows: "Comes now the Territory of Hawaii, plaintiff-defendant in error, and moves this honorable court that the writ of error issued herein and the several assignments thereof be dismissed and that the judgment of the circuit court of the first judicial circuit be affirmed upon the following grounds:"

It is obvious that some of the assignments of error are not open to any of the attacks contained in the motion. For instance, assignments numbers thirty to thirty-four inclusive relate to the refusal of the trial court to give certain instructions requested by the defendant and to which refusal the defendant excepted. These assignments are sufficient to present for review specific questions of law. There are also other assignments that are sufficient for this purpose. Under these circumstances the writ of error cannot be dismissed nor can the assignments be similarly disposed of.

It is well settled in this jurisdiction that when a case is brought to this court for review on a bill of exceptions and one or more exceptions are properly incorporated in

the bill and presented in time neither the bill nor the remaining exceptions can be dismissed. In *Taba* v. *Jardin,* 30 Haw. 337, 339, the court said: "It is settled in this jurisdiction 'that if one or more exceptions are properly incorporated in the bill and presented to the judge within the time allowed by law,' or any valid extension thereof, 'the bill cannot be dismissed' " (citing *Kauhane* v. *Laa,* 19 Haw. 526, 527, and other Hawaiian cases). "In the *Kauhane* case the court further said: 'We do not care to adopt, as we are requested to do by the plaintiffs, the practice of dismissing *in limine,* as distinguished from overruling, some only of the exceptions contained in the bill. The appellee in such cases is sufficiently protected by the refusal of the court at the proper time to consider the exceptions which were not incorporated in the bill, presented or allowed within the time required by law.' "

It is true that in the case referred to the court was dealing with exceptions and not with a writ of error. The rule announced, however, is just as applicable to the latter as to the former. If in a writ of error there are any assignments of error that are sufficient the writ and assignments of error should no more be dismissed than a bill of exceptions should be dismissed when it contains exceptions that are properly presented.

In *Dickson* v. *Burwell,* 113 Ga. 93, the court had before it a motion to dismiss a writ of error. In overruling the motion the court said (p. 95): "On the call of the case in this court a motion was made to dismiss the writ of error, because it contained no clear and specific assignment of error as required by law. We overrule the motion to dismiss the writ of error, because on inspection we find that the bill of exceptions contains some assignments plainly specifying the alleged error. We would like here to suggest that a writ of error will

not be dismissed on this ground, whenever it appears that an assignment of error has been properly made, notwithstanding there are others which are objectionable. The better practice, unless all the assignments are amenable to the same objection, is to call attention to the assignments which do not specifically allege error, in the brief or oral argument, accompanied with a suggestion that such be not considered.. In any event this court will, when it has a case under consideration, decline to consider any exception not properly made."

The motion before us is also to affirm the judgment of the circuit court. In support of this part of the motion our attention is called to section 6, subsection 6 of the rules of this court, which is as follows: "There may be united with a motion to dismiss, a motion to affirm on the ground that, although the record may show that the case is properly before this court, it is manifest that the appeal was taken for delay only or that the question involved is such as not to need further argument."

The defendant was convicted of the crime of rape and was sentenced to imprisonment in the penitentiary for life. We are unwilling to say from the record that the appeal to this court was taken for delay only or that the questions involved are such as to need no further argument.

The motion is overruled.

*C. E. Cassidy*, Assistant Public Prosecutor, for the motion.

*J. V. Esposito* contra.