R. W. MEYER, LIMITED *v.* N. B. McGUIRE AND
MRS. N. B. McGUIRE.

No. 2503.

ARGUED APRIL 7, 1942.　　　　　　　DECIDED JULY 6, 1942.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY PETERS, J.

This is an action in assumpsit for money had and re-
ceived.　The defendants answered jointly by way of gen-

eral denial. Trial was had, jury waived. The court found for the plaintiff against the female defendant for the full amount prayed for, and for the male defendant against the plaintiff. Judgment was entered for plaintiff against the female defendant, to review which she prosecuted the within writ.

Defendant in error has moved to dismiss the writ upon several grounds, two of which involve procedure upon writ of error, the remainder the scope and effect of assignments of error. The motion in effect is one to dismiss and affirm.

The alleged procedural defects will be considered separately but the grounds of the motion involving the scope and effect of the assignments of error will be considered only as it may be necessary to determine whether at least one of the assignments properly presents a specific question of law for review and is not frivolous as claimed by movant.

Of the procedural grounds of the motion one is that the bond filed by plaintiff in error pursuant to the provisions of R. L. H. 1935, § 3556, was prematurely filed. It is true that the filing of the bond preceded the issuance of the writ by several months. But it was filed after judgment. Moreover, under the provisions of the section referred to, the filing of a bond by the plaintiff in error must precede the issuance of the writ. Whether its filing precedes the issuance of the writ by a long or short interval of time is in our opinion immaterial, so long as it is in proper form, and by its terms may be identified in respect to the judgment which the proposed writ seeks to review. The bond filed by the plaintiff in error is conditioned as required by the statute, and upon its face was given in respect of the judgment which this writ seeks to review. Under the circumstances, the bond complies with the requirements of the statute.

The other alleged procedural defect is the failure of the plaintiff in error to make the codefendant N. B. McGuire

a party to the proceedings upon writ of error or to give him notice of its pendency. While the decision ordered judgment for plaintiff against the defendant Mrs. N. B. McGuire for the full amount prayed, and for the defendant N. B. McGuire against plaintiff, the judgment, a certified copy of which is included in the record, runs solely against Mrs. McGuire. It contains no reference to Mr. McGuire. Under the circumstances Mr. McGuire is not a party to the judgment and need not be made a party to nor be given the statutory notice of the pendency of the proceedings upon writ of error. (R. L. H. 1935, § 3552, am. Sess. Laws 1935, Act 127, ser. C-88.)

The scope and effect of individual assignments of error are immaterial upon a motion to dismiss a writ of error if any one assignment of error included therein properly presents a specific question of law for review. (*Ter.* v. *Young,* 32 Haw. 539.) If any assignment of error included therein properly alleges a specific question of law for review, the writ must be retained. In our opinion assignment number II properly presents a specific question of law for review and is not frivolous.

From the record on appeal it appears that the money for which recovery was sought constituted rent collected by the judgment creditor from occupants of land, the title in fee to which, during the respective periods of occupancy, was in plaintiff, either in severalty or as a cotenant —we refrain at this juncture from saying which. It does not appear whether the occupation of the persons from whom rent was collected was upon contract, express or implied, or, if so, with whom.

To show its title in fee to the premises occupied, plaintiff introduced in evidence a deed to it of interests in lands, including those occupied, dated November 28, 1935, which it claimed had been held in escrow for its benefit from the day of its date until March 25, 1936 when, upon its due incorporation, said deed was delivered to it. The

trial court in its written decision held that said deed was legally effective to convey title and that it had been also similarly so held in an equity suit lately pending in the circuit court of the first circuit to which this plaintiff and Mrs. N. B. McGuire were parties, the decree in which constituted *res adjudicata* as to her. The defendant Mrs. McGuire excepted to the finding of the court generally and specially upon the ground that said deed was "void and without legal intendment in that there was no person, natural[ly] or artificial[ly] in esse or existence recognized in law as the grantee of said deed at the time of said conveyance." This exception was saved as the basis of assignment of error number II which is equally specific. Assignment of error number II being legally sufficient to present a specific question of law for review, is sufficient to retain the writ unless it may be said that the assignment is frivolous.

For an assignment of error to be frivolous within the meaning of that term it must be manifestly and palpably without merit. Lack of merit, however, in this assignment is not so manifest and palpable that we may decline to consider it. There are at least two justiciable questions involved, the answers to which are not so obvious and free from doubt as to permit of the assumption that no probable cause of appeal exists. Under the circumstances plaintiff in error should be accorded an opportunity of further arguing (Rules of the Supreme Court, rule 6, par. 6) the merits of the assignment whatever preconception we may at present entertain of the probable result. The scope and effect of the remaining assignments will be considered upon the merits.

The motion to dismiss is therefore denied.

*P. Cass* for the motion.

*J. V. Esposito,* for defendant, plaintiff in error, Mrs. N. B. McGuire contra.