TERRITORY OF HAWAII *v.* ARTHUR ANTHONY MALONEY.
No. 4134.

ARGUED JUNE 22, 1959.                    DECIDED JULY 1, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* This case is before this court upon a motion to dismiss interlocutory bill of exceptions. Defendant was indicted by the grand jury in the first circuit on January 8, 1959. After being duly arraigned but before pleading over, defendant filed a demurrer on April 6, 1959. On April 8, 1959, the circuit court filed its order overruling the demurrer. The interlocutory bill of exceptions was certified on April 23, 1959, and notice of appeal

was filed on the same date. The motion to dismiss the interlocutory bill of exceptions was made on the ground that the defendant-appellant failed to file his motion within the 10 days after entry of order overruling the demurrer.

Defendant-appellant filed an answer in opposition to the motion to dismiss interlocutory bill of exceptions. The answer was accompanied by an affidavit of A. William Barlow, attorney, and one by Harry R. Hewitt, Judge, both in substance that an oral extension of time had been granted to A. William Barlow by Judge Hewitt.

The affidavit of Barlow states that on the day following the overruling of his demurrer he appeared before Judge Hewitt in his chambers and asked for leave to file an interlocutory bill of exceptions to the supreme court and that Judge Hewitt then granted him permission to file and take an interlocutory bill of exceptions to the supreme court on April 8, 1959. Mr. Barlow further advised the Judge that he was in the midst of preparation for a final argument in a matter before the Supreme Court of the United States which would take place during the week of April 20, 1959, and that he would appreciate an extension of time within which to perfect the necessary "paperwork"; that "Judge Hewitt indicated to me that 'don't worry about the time, you can have as much time as you need.'" The attorney stated that, relying upon this statement of the court, he continued the preparation of the matter pending before the Supreme Court of the United States until he was notified that the matter was continued to the week of May 18, 1959; that he then prepared the necessary papers to perfect and take an interlocutory bill of exceptions to the supreme court and submitted them to Judge Hewitt on April 23, 1959, at which time Judge Hewitt signed all necessary papers in connection with the allowance of the bill of exceptions.

This affidavit is corroborated by that of Judge Hewittt which stated that prior to the filing of the order overruling the demurrer, Mr. Barlow had requested permission to file and take an interlocutory bill of exceptions to the supreme court; that "The day after my order was filed, Mr. Barlow again appeared in chambers and again requested leave to file and take an interlocutory bill of exceptions to the Supreme Court from my order filed April 8,

1959; I granted Mr. Barlow this permission and he indicated to me that he was busy preparing for an argument before the Supreme Court of the United States set for the week of April 20, 1959, and could not perfect the necessary 'paperwork'; I then gave Mr. Barlow permission to file the necessary 'paperwork' as soon as he could, not necessarily stipulating any number of days."

No written motion was presented to the judge or notice of motion given to the Territory, nor was any written order or minute order made by the judge extending the time for filing of a motion for an interlocutory bill of exceptions, nor was any definite time fixed by the judge for the filing of the necessary papers.

Thus, it appears at most an expression of willingness by the judge to extend the time, but no action actually extending the time was taken either by written order or by minute order duly entered by the clerk. It was still in the bosom of the court.

A trial judge cannot, after the expiration of the time allowed by the statute or prior extensions, allow a further extension of time within which to present a bill of exceptions. (*Territory* v. *Manlapit*, 28 Haw. 455; *Kim Chul Soon* v. *City and County*, 32 Haw. 19, citing numerous cases on page 21.)

Nor can it be said that the court could make the order *nunc pro tunc*. (*Holiona* v. *Kamai*, 24 Haw. 636.)

Motion to dismiss granted.

*John H. Peters*, Public Prosecutor, and *Donald H. C. Low*, Assistant Public Prosecutor, for appellee, for the motion.

*A. William Barlow* for appellant, contra.